ALFRED DE CORDOVA, Respondent, *v.* STEPHEN C. BARNUM, Appellant.

A stock broker who holds collateral security for the stock transactions of a customer is not required, in the absence of a special agreement, to realize upon the collaterals, or to return the same to his customer before bringing an action to recover a balance found due him on closing up the transactions.

In such an action it appeared that plaintiff sold out the stock purchased and carried for defendant, pursuant to his order. Defendant offered to prove that it was the custom of stock brokers, where collateral was put up as a margin, and the account became sufficiently reduced to jeopardize it, to advertise and sell the collateral and charge his customer with the balance, and that this custom was known to plaintiff at the time the margin was put up and the account closed. This was excluded on objection. *Held*, no error; that whatever the custom of brokers might be while a speculation was pending, it had no application to a broker's right to recover what is due him after he has carried his customer's stock as long as requested, and finally sold pursuant to an express order.

(Argued January 20, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 14, 1890, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Wm. Romer* and *Stephen S. Marshall* for appellant. The court below erred in holding that the relations between the

parties were simply that of pledgor and pledgee. (Laws of 1882, chap. 402.) The court below erred in not allowing proof of usage which did not contravene any existing law. (*Sims* v. *U. S. T. Co.*, 35 Hun, 539 ; *Simmons* v. *Law*, 3 Keyes, 217 ; *Collender* v. *Dinsmore*, 55 N. Y. 208 ; *Barnard* v. *Kellogg*, 10 Wall. 383, 391 ; *Bradley* v. *Wheeler*, 44 N. Y. 495 ; *Wallis* v. *Bailey*, 49 id. 464 ; *Wheeler* v. *Newbold*, 16 id. 392.)

*Everett P. Wheeler* for respondent. The defendant having moved for a nonsuit, having given no evidence varying the plaintiff's case, and having made no request that the case should be submitted to the jury, cannot now complain that it was not so submitted. (*Stratford* v. *Jones*, 97 N. Y. 586, 589 ; *Dillon* v. *Cockroft*, 90 id. 649 ; *Ormes* v. *Dauchy*, 82 id. 443 ; *Koehler* v. *Adler*, 78 id. 287 ; *Trustees, etc.,* v. *Kirk*, 68 id. 459 ; *Leggett* v. *Hyde*, 58 id. 272, 275 ; *O'Neill* v. *James*, 43 id. 84 ; *Winchell* v. *Hicks*, 18 id. 558 ; *Barnes* v. *Perine*, 12 id. 18 ; *Hagaman* v. *Barr*, 9 J. & S. 423.) Even if the defendant's conduct had not estopped him from complaining that the questions of fact were not submitted to the jury, yet there being no conflict in the evidence, a finding in favor of the defendant would have been entirely unwarranted. (*People* v. *Cook*, 8 N. Y. 67 ; *Nichols* v. *Goldsmith*, 7 Wend. 160 ; *Wombough* v. *Cooper*, 2 Hun, 428 ; *Appleby* v. *A. F. Ins. Co.*, 54 N. Y. 253.) The defendant's exceptions to the admission of evidence were well taken. (*McGoldrick* v. *Traphagen*, 88 N. Y. 334.) The court properly denied the motion to dismiss the complaint. (*Markham* v. *Jaudon*, 41 N. Y. 235 ; *Stenton* v. *Jerome*, 54 id. 480 ; *Baker* v. *Drake*, 66 id. 518 ; *S. S. Co.* v. *Duncomb*, 2 Strange, 919 ; *Lawton* v. *Newland*, 2 Stark. 72 ; *Eames* v. *Widdowson*, 4 C. & P. 151 ; Jones on Pledges, §§ 590, 592.) The defendant's exceptions to the exclusion of evidence offered by him were without foundation. (*Wheeler* v. *Newbould*, 16 N. Y. 392 ; *Markham* v. *Jaudon*, 41 id. 235 ; *Lawrence* v. *Maxwell*, 53 id. 19.) The exception to the refusal to charge the various propositions contained in the

so-called findings of fact, is unavailing. (*Smedis* v. *B.*, *etc.*, *R. Co.*, 89 N. Y. 13; *Harris* v. *Tumbridge*, 83 id. 92.)

Landon, J. The plaintiff was a stock broker, and brought this action to recover of the defendant a balance of account representing the losses upon the purchase and sale of certain stocks made by the plaintiff at the request of the defendant and upon a margin.

The transactions and the amount due the plaintiff upon them were established by the evidence, and the judgment should be affirmed, unless errors to the prejudice of the defendant were committed upon the trial.

It appeared from the evidence that during the pendency of the stock transactions in question, the defendant assigned to and deposited with the plaintiff fourteen shares of the Arms Horse Palace Car Company's stock to protect plaintiff from loss on the stock transactions. The defendant's speculations were unfortunate, and he finally gave plaintiff an order to sell out at the best he could get, and plaintiff did so. The plaintiff still holds the Horse Palace Car stock.

The defendant asked the court to hold, or to instruct the jury, that the plaintiff could not maintain this action without showing that he had used all reasonable means to realize upon the fourteen shares of stock which he held as collateral; that it was plaintiff's duty to advertise and sell it, and credit defendant with the proceeds, or to return it to defendant before this action was brought. The court refused to hold as requested. The defendant offered to prove the value of the fourteen shares of stock; the plaintiff's objection to such proof was sustained.

In these rulings no error was committed. The plaintiff held the fourteen shares of Horse Palace Car stock as collateral security to protect him from loss. There was no special agreement that the plaintiff should first realize upon the collateral before bringing an action against the defendant to recover the debt due him, and, therefore, the plaintiff was not required to realize upon the collateral before resorting to this action.

(*Butterworth* v. *Kennedy*, 5 Bosw. 143; *South Sea Co.* v. *Duncomb*, 2 Strange, 919; *Lawton* v. *Newland*, 2 Starkie, 64; *Eames* v. *Widdowson*, 4 Car. & P. 151; *Elder* v. *Rouse*, 15 Wend. 218; Colebrook on Collateral Securities, 136; Jones on Pledges, § 590.)

The defendant offered to prove by a witness that it was the custom of stock brokers, when collateral security was put up as a margin and the account became reduced sufficiently to jeopardize it, to advertize and sell the collateral security and to charge his customer with the balance, and that such was the usage of the plaintiff known to the defendant at the time the margin was put up, and at the time of closing the account.

The court was justified in sustaining the objection to this offer, because the plaintiff sold out defendant's stocks upon defendant's express order, and not to protect himself because of a shrinking or exhausted margin. Whatever the custom of brokers may be while the speculation is pending, it can have no application to the broker's right to recover what is due him after he has carried his customer's stocks as long as requested, and finally sold them pursuant to his express order.

The other exceptions do not require discussion.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.