## MILIUS v. KAUFFMANN.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. NOTES—EXCHANGE—FAILURE OF CONSIDERATION.

Where the maker of a note executes and delivers it to the payee in consideration of the latter's note, failure of the latter to pay his note does not constitute failure of consideration for the other note, but merely gives the maker a counterclaim.

[Ed. Note.—For cases in point, see vol. 7, Cent. Dig. Bills and Notes, § 174.]

2. SAME—HOLDER FOR VALUE.

Under Negotiable Instruments Law, Laws 1897, p. 732, c. 612, § 91, defining a holder in due course, a person who takes a note from the payee before maturity as security for an antecedent debt, and under an agreement to forbear suing on the debt for a time, is a holder for value.

Appeal from Trial Term, New York County.

Action by Edward Milius against E. John Kauffmann. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

This is an action by an indorsee against the maker of a promissory note. The note was for $1,500. It was dated on the 20th day of November, 1903, payable to the order of Julius Manheim four months after date. It was delivered to Manheim, who indorsed it in blank, and delivered it to the plaintiff before maturity as collateral security for other notes made by Manheim, and held by the plaintiff, given for a merchandise account, aggregating about $2,000. Manheim thereafter filed a voluntary petition in bankruptcy, and was ad-

judged a bankrupt. The plaintiff filed and proved his claim to the amount of $2,061.12, and stated that he held this note as security therefor. It appears that sufficient of Manheim's creditors in number and in amount have signed a composition agreement to accept 25 cents on the dollar, and that the bankrupt has deposited with the clerk of the court the necessary funds to carry out the agreement. It appears that at the time the note was delivered to the plaintiff some of the notes for which it was given as security were due, and the plaintiff had threatened suit thereon; that upon condition of his receiving the security he agreed to extend the time of payment two or three days, and thereafter agreed to afford Manheim an opportunity of paying off the indebtedness at the rate of $3 every 10 days, or until he could discount the $1,500 note. The note was given pursuant to an agreement between the defendant and Manheim for the exchange of notes as follows:

"New York, March 20, 1903.

"Agreement.

"Received this day from Mr. Julius Manheim as an accommodation for both parties undersigned, the following notes under the conditions hereafter named, viz.: Mr. Julius Manheim transfers herewith to Dr. E. John Kauffmann, President of the Commonwealth Hygienique Ice Co., in Boston, Mass., five notes at $2,500 each, total $12,500.00 dated this date at four months from date and to the order of E. John Kauffmann, under the condition that Dr. E. John Kauffmann discounts said notes, total $12,500.00 and pay to Mr. Julius Manheim, out of the proceeds of said notes the sum of forty per cent. of the proceeds of said notes, and the balance of sixty per cent. of this amount may be retained by Dr. E. John Kauffmann, for which amount he gives his own note to Mr. Julius Manheim. Each party will then have to take promptly, care of his own notes at maturity. This agreement is herewith made under the following further understanding that the aforesaid forty per cent. will have to be paid in cash by Dr. E. John Kauffmann to Julius Manheim, the latest within ten days.

"Both parties have herewith agreed to and signed to the above conditions.
"[Signed]                          E. John Kauffmann.
                                     "Julius Manheim."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Francis D. Pollak, for appellant.

David C. Myers, for respondent.

LAUGHLIN, J. The respondent contends that Manheim could not have enforced the payment of the note, because he defaulted in the payment of his note given at the same time pursuant to the agreement for the mutual exchange of notes, and that the plaintiff, having taken the note as security for an antecedent debt, is not a bona fide holder, and the note in his hands is subject to any defense that exists against its collection by Manheim. We are of opinion that there was a good consideration for the note as between the original parties, that the execution of the notes constituted it an executed contract, that it was the duty of each to the other to pay his note at maturity, and that the defendant, while he might have a counterclaim for the nonpayment of Manheim's note, could not defend against the nonpayment of his own on the theory of failure of consideration on account of Manheim's default. Rice v. Grange, 131 N. Y. 149, 30 N. E. 46. Moreover, the note not having been diverted, but being unrestricted as to its use, would not be subject in plaintiff's hands to the defense of want or failure of consideration, or that Manheim had subsequently failed to per-

form his obligation of paying his own note; and the plaintiff, having taken it as security for an antecedent debt, is regarded as a holder for value. Section 91, Neg. Inst. Law (Laws 1897, p. 732, c. 612); First Nat. Bank v. Wood, 128 N. Y. 35, 27 N. E. 1020; McSpedon v. Troy Bank, *41 N. Y. 35; Grandin v. Le Roy, 2 Paige, 509; Tinsdale v. Murray, 9 Daly, 446; Furniss v. Gilchrist, 1 Sandf. 53; Grocers' Bank v. Penfield, 69 N. Y. 502, 25 Am. Rep. 231; Continental Nat. Bank v. Townsend, 87 N. Y. 8. Furthermore, there was an agreement to forbear action on the existing indebtedness for a few days at least, founded upon a good consideration, to wit, the delivery of the security, and this clearly made the plaintiff a bona fide holder for value. It follows, therefore, that the court erred in directing a verdict in favor of the defendant, and should have directed a verdict in favor of the plaintiff.

The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.