(113 App. Div. 19)

### EMERSON et al. v. SHEFFER.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

1. BILLS AND NOTES—CONSIDERATION—FORBEARANCE.

A bankrupt firm being indebted to plaintiffs on a draft, one of the members represented that he could not pay the draft or secure the indebtedness unless he could get a note from his wife or son, to which one of the plaintiffs replied that he would take such a note, and that he was not particular about an immediate settlement, if the debt could be secured, whereupon the note was secured, signed by the son, indorsed by the wife, and delivered to plaintiffs. *Held* that, though the note was accepted as security for the draft only, there was an agreement to forbear immediate action to collect the draft, which was a sufficient consideration for the note.

2. SAME—BURDEN OF PROOF.

Where a note sued on was given as security for the debt of a bankrupt firm in consideration of the creditor's forbearance to sue, and it was thereafter alleged that such forbearance was no consideration, because action on the claim was stayed by Bankr. Act July 1, 1898, c. 541, § 11, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426], for 12 months after the date of the adjudication in bankruptcy, or until the question of his discharge was determined, it was incumbent on the defendant to show affirmatively the existence of facts bringing the creditor within the prohibition of the statute.

Appeal from Trial Term, Warren County.

Action by Louis W. Emerson and another against George A. Sheffer. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

This is an action on a promissory note executed December 6, 1901, by the defendant, George A. Sheffer, to the order of and indorsed by Henrietta Sheffer, since deceased, payable one year from the date thereof, and now owned by the plaintiffs. The cause was submitted to the learned trial justice on an agreed statement of facts, from which it appears that said note was given to the plaintiffs as security for an overdue draft held by them against the firm of Wilson, Sheffer & Coonley. That on or about the date of said

note James A. Emerson, one of the plaintiffs, had a conversation with James H. Sheffer, one of the members of said firm of Wilson, Sheffer & Coonley, in which conversation said Emerson inquired of said Sheffer what his firm was going to do about said draft. Sheffer said that he did not have any money to pay, as the said firm of Wilson, Sheffer & Coonley were in bankruptcy at that time, and that all his assets had been turned over to the bankruptcy court. Emerson replied that he was not particular about an immediate settlement, if Sheffer would secure the debt. Sheffer said he had nothing to secure the indebtedness with, unless he could get a note from his wife or son. Emerson replied that he would take such a note. Sheffer afterwards procured the note in question, signed by his son and indorsed by his wife, and delivered said note to Emerson. Such note was signed and indorsed by the maker and indorser, respectively, for the accommodation of said firm of Wilson, Sheffer & Coonley, said maker and indorser not owing anything to the plaintiffs at the time such note was given. The draft was not surrendered by the plaintiffs to Wilson, Sheffer & Coonley. From such agreed statement the trial court found as a fact that the plaintiffs agreed to grant the firm of Wilson, Sheffer & Coonley time to pay their indebtedness on their draft if they would secure the same, and that the note in question was accepted by the plaintiffs as such security.

Argued before PARKER, P. J., and SMITH, CHESTER, and COCHRANE, JJ.

George Lawyer, for appellant.

S. M. West, for respondents.

COCHRANE, J. The defense urged against this note is that it lacks consideration, in that the original indebtedness represented by the draft of Wilson, Sheffer & Coonley held by the plaintiffs was not extinguished or paid by said note, and that there was no agreement to extend the time of payment of said draft. The note was concededly given, not in payment of the draft, but as security therefor, and if the defendant is right in his contention that the time of payment of said draft was not extended no recovery can be had on this note. Plaintiffs certainly did not agree to extend the time of payment of the original indebtedness for one year, the time which had to elapse before the maturity of the note, and no presumption of such agreement can be inferred merely from the fact of the acceptance of said note as security for the preexisting indebtedness. But the plaintiffs, as an inducement to the firm of Wilson, Sheffer & Coonley to secure their indebtedness, told them that they were "not particular about an immediate settlement," and on the strength of this statement the note in question was delivered. I think this amounted to a promise on the part of the plaintiffs that they would forbear action on the draft, and justifies the finding of the trial court that an agreement of forbearance was made by them in consideration of the note in question. By such promise the plaintiffs placed it out of their power to proceed immediately on the draft. No specific time of forbearance was mentioned, but it became the duty of the plaintiffs to wait a reasonable time before seeking enforcement of the original indebtedness. Any time, however short, was a sufficient consideration for the note. Milius v. Kaufmann, 104 App. Div. 442, 93 N. Y. Supp. 669; Cary v. White, 52 N. Y. 142. In the case last cited it was said:

"If there was an extension of time for a single day by a valid agreement as a consideration of the mortgage, there was a valuable consideration, within the rule."

It is further urged by the defendant that, even if the plaintiffs agreed to grant forbearance on their original claim against the firm of Wilson, Sheffer & Coonley, such agreement was useless and of no value, because said firm was in bankruptcy, and that plaintiffs' right to proceed on such claim was stayed under section 11 of the bankruptcy act of July 1, 1898 (chapter 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), which provides that action on such a claim may be stayed for 12 months after the date of the adjudication in bankruptcy, or if within that time the bankrupt applies for a discharge, then until the question of such discharge is determined.  No facts appear in this record which show that the plaintiffs were within the prohibition of that statute.  It does not appear when Wilson, Sheffer & Coonley were adjudicated bankrupts.  If such adjudication had been made more than 12 months before the execution of the note in question, and said bankrupts had not within that time applied for their discharge, or if, having applied for the same, such discharge had been refused, the prohibitory provision of the federal statute above referred to would not affect the plaintiffs. It was incumbent on the defendant to show affirmatively the existence of such facts as would preclude the plaintiffs from enforcing their obligation against the bankrupt firm.

The judgment should be affirmed, with costs.

CHESTER, J., concurs.  SMITH, J., concurs in result.  PARKER, P. J., not voting.