## JACOBS v. CIANCIMINO.

(Supreme Court, Appellate Division, Second Department. December 8, 1911.)

MORTGAGES (§ 263*)—ASSIGNMENT OF MORTGAGE—ADVANCEMENTS TO ASSIGNOR —LIABILITY.

   Plaintiff having taken, at defendant's request, an assignment of a third mortgage recorded in the name of a third person, paid to defendant the amount of the mortgage, less the cost of a search and a sum to advance in payment of a second mortgage, for which defendant was obligated. Defendant gave his note to plaintiff for the amount of the mortgage as collateral for the mortgage and bond secured thereby. Subsequently plaintiff, at the request of defendant, foreclosed the mortgage, and purchased the property at the sale, and entered a deficiency judgment in his own name. He incurred expenses in the transaction, and brought an action at law against defendant for advancements and disbursements. *Held*, that a directed verdict for plaintiff, on the theory that the transaction was a loan, was erroneous, and a new trial must be granted.

   [Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 664; Dec. Dig. § 263.*]

   Jenks, P. J., and Burr, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Charles C. Jacobs against Peter Ciancimino. From a judgment for plaintiff, and from an order denying a motion for new trial made on the minutes, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

· Martin S. Lynch, for appellant.
Ralph K. Jacobs, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

HIRSCHBERG, J. The evidence in this case compels the conclusion that the initial transaction which has occasioned the controversy between the parties was a purchase by the plaintiff of a third mortgage on certain real estate in the borough of Manhattan, which apparently belonged to the defendant, but which was not recorded in his name. The mortgage amounted to the sum of $287.50. The plaintiff deducted from the amount $30, the cost of a search, and $60, being interest which he intended to advance in payment of a second mortgage for which the defendant was obligated, and gave to the defendant a check for the difference; that is, the sum of $197.50. At the same time the plaintiff took from the defendant the latter's promissory note for the sum of $287.50; the note reciting that it was given as collateral security for the third bond and mortgage then purchased by and duly assigned to the plaintiff. Subsequently the plaintiff, at the defendant's request, foreclosed the bond and mortgage, bought in and took a deed of the property on the sale, and entered a deficiency judgment in his own name for the sum of $654.32. He incurred some expense in the transaction, which expense he claims the defendant promised to reimburse him for.

The action is brought at law to recover the amount of the plaintiff's advancements and disbursements, and at the close of the evidence the court directed a verdict in the plaintiff's favor for the amount, with interest. There was no accounting rendered by the plaintiff, nor did he transfer, or offer to transfer, the title to the property or to the judgment for the deficiency, or to account for the rents received by him, if any; the court stating to the plaintiff at the close of the trial as follows:

"You have got to tender him [the defendant] back, and be ready to give him back, a deed of the property and assignment for the deficiency judgment against Parks, or whoever you have; also all the collateral which you hold which belongs to him, must be given back to him—not now, when you enter the judgment, but when you get your judgment, because your judgment is recovered upon the ground that that was simply loaned, and it makes no difference what you have taken in the way of value. He gets the property back. Then, of course, you will have to account, if he ever calls you to account, for the rents received, or which you should have received, or the income of the property. That can be taken up in another branch of this court. You can come in before me, and I will take proof in regard to it."

The judgment entered was a simple final money judgment, no provision being contained in it for an accounting; and I know of no authority by which an accounting can be had informally and effectively in another branch of the court before the individual who was the trial justice in the case at bar.

That the plaintiff actually purchased the mortgage in question would appear from the evidence given on the trial by him and by his counsel. The plaintiff's counsel, Ralph K. Jacobs, testified on the subject as follows:

"I came into my office, and Mr. Ciancimino was talking to Mr. Jacobs [the plaintiff], and they both came into the private office, and Mr. Jacobs told me that he had made an arrangement to let Mr. Ciancimino have $60, and he was going *to take over* the third mortgage of $287.50, which Mr. Ciancimino had just taken in exchanging the property in New York."

The plaintiff himself testified in reference to the transaction as follows:

"Q. Do you remember in January, 1910, having had a transaction with him relative to a third mortgage and lending money? A. Yes, sir; he came in, I should say, about January 15th, and asked me if I would *discount a third mortgage*. He came in about January 15th, and asked me *if I would take over* a third mortgage, and he would pay $60 interest that was due on the prior mortgage, and he would pay the cost of searching. So I told him I would, if everything was satisfactory.

"The Court: You heard Ralph Jacobs testify. Do you want to go over all that?

"Mr. Lynch (Defendant's Counsel): Not at all. The statement that the witness just told is absolutely true. There is no dispute about that."

There being no dispute between the parties on the trial, that the mortgage in question was purchased by the plaintiff, and the note sued on being expressly given, as stated on its face, as collateral security, the facts did not justify the court in directing a verdict in favor of the plaintiff, on the theory that the transaction was merely a loan. If a dispute appears in any view which may be taken of the evidence, certainly the question of fact should have been submitted to the jury.

The cases cited by the learned counsel for the respondent do not support his claim to the contrary. In Matter of Gilbert, 104 N. Y. 200, 10 N. E. 148, the mortgage in question was assigned by the mortgagee as collateral for his own debt. In the case at bar, however, the mortgage was acquired by the plaintiff in his own name by assignment from some one other than the defendant, and, assuming that it may be disputed that it was acquired as his own property, it was certainly acquired under circumstances which would justify a jury in concluding that it was so acquired. The defendant's note was unquestionably taken as collateral security. In De Cordova v. Barnum, 130 N. Y. 615, 29 N. E. 1099, 27 Am. St. Rep. 538, it was held, it is true, that one who takes collateral security for a debt may maintain an action to recover on the debt without first resorting to the collateral or returning it to the debtor. This, however, is no authority for the proposition that one who has advanced money and acquired property at the instance of another may retain the property and maintain an action for the purchase money, in the absence of an agreement to that effect, and without accounting for what he has received which the law would credit upon the obligation.

The case should be retried, in order that the entire controversy may be determined and the dealings between the parties finally adjusted and settled.

Judgment and order reversed, and new trial granted; costs to abide the event.

WOODWARD, J., concurs. RICH, J., concurs in result. BURR, J., reads for affirmance, with whom JENKS, P. J., concurs.

BURR, J. I dissent. I think that the evidence clearly establishes a loan made by the plaintiff to the defendant and expenses incurred by him in connection with the foreclosure of a mortgage, which expenses were incurred at defendant's request and upon his promise to

repay the same. It is for a debt thus incurred that this action is brought. The note referred to in the evidence, and the assignment of · the mortgage, were ·made as collateral security for the payment of this debt. Under such circumstances, plaintiff may recover on the original indebtedness, without regard to the collateral. It is probably true that upon payment of the debt defendant would be entitled to an accounting as to the collateral and the return thereof; but, in his answer in this case, defendant seeks no affirmative relief by way of prayer for an accounting, and that issue was not before the court for determination. The suggestion by the learned trial justice before whom this case was tried that the parties might come in before him to take and state the account was manifestly a voluntary offer upon his part to assist them in the final settlement of all matters in controversy between them. I do not think that he intended to intimate that as matter of right "an accounting can be had informally and effectively in another branch of the court before the individual who was the trial justice in the case at bar."