(159 App. Div. 583.)

### DILL & COLLINS CO. v. MORISON.

(Supreme Court, Appellate Division, First Department. December 19, 1913.)

1. CORPORATIONS (§ 544*)—ASSIGNMENT—PREFERENCES.

Under Stock Corporation Law (Consol. Laws 1909, c. 59) § 66, providing that no assignment by any corporation, when the corporation is insolvent or its insolvency is imminent, with the intent of giving a preference to any particular creditor, shall be valid, it is necessary, in order to avoid an assignment of property, where the assignee is not an officer or director of the corporation, to show, not only that when the assignment was made the corporation was insolvent or its insolvency was imminent, but also that the assignment was made with the intent to prefer a particular creditor; and a finding that, at the time of an assignment to a particular creditor, the corporation was insolvent and it was then unable to pay its debts was not sufficient to avoid its assignment to one not an officer.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2162–2169; Dec. Dig. § 544.*]

2. ASSIGNMENTS (§ 55*)—CONSIDERATION—FORBEARANCE TO SUE.

An agreement to forbear to sue, coupled with actual forbearance, is a sufficient consideration to support an assignment.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 113–115; Dec. Dig. § 55.*]

3. CORPORATIONS (§ 426*)—REPRESENTATION BY OFFICERS AND AGENTS—ASSIGNMENT.

A corporation's assignment, under which it actually receives the benefit for which it contracted, made by an officer or agent who assumes to act in its behalf, can be enforced against the corporation, although its by-laws did not give such officer or agent power to execute the assignment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. § 426.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Dill & Collins against John A. Morison, individually and as assignee for the benefit of creditors of the William N. Jennings Printing Company. From a judgment in favor of defendant, after trial without a jury, plaintiff appeals. Reversed, and new trial ordered.

<hr>

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-LING, and HOTCHKISS, JJ.

H. Louis Jacobson, of New York City, for appellant.
Charles Harris Luscomb, of New York City, for respondent.

SCOTT, J.   It is alleged in the complaint and established by the proofs that, on or about the 15th day of February, a corporation known as the William N. Jennings Company, of which defendant subsequently became assignee for the benefit of creditors, was indebted to plaintiff upon an overdue account in the sum of $2,543.39.   To prevent immediate legal action on the part of plaintiff for the collection of this indebtedness, the said company assigned to plaintiff a claim for $2,543.39 due or to become due from the firm of Simpson, Crawford & Co.; the said sum of $2,543.39 being part of the money to be realized from a contract involving the payment of some $6,000 by said Simpson, Crawford & Co.   At the special request of the printing company, plaintiff did not at once file said assignment with Simpson, Crawford & Co. nor notify said firm that such an assignment had been made.

On February 28, 1912, said printing company made a general assignment for the benefit of its creditors to defendant, who on or about March 1, 1912, collected from said Simpson, Crawford & Co. the sum of $2,000, representing approximately the amount earned by said printing company under its contract with said firm, down to the date on which the general assignment was made.   Plaintiff now sues to recover the $2,000 thus paid, claiming that it was covered by its assignment from the printing company.   The case was tried by the court without a jury and was decided in defendant's favor upon a ground not suggested by the pleadings nor raised by defendant on the trial and but half-heartedly undertaken to be upheld on this appeal.

[1] The court was of opinion that the assignment to plaintiff was void under section 66 of the Stock Corporation Law (Consol. Laws 1909, c. 59).   That section, so far as it is applicable to this case, reads as follows:

"No * * * assignment or transfer of any * * * corporation by it or by any officer thereof, * * * nor any payment made * * * or security given by it or by any officer, * * * when the corporation is insolvent, or its insolvency is imminent, *with the intent of giving a preference to any particular creditor over other creditors of the corporation,* shall be valid. * * * Every person receiving, by means of any such prohibited act, any property of the corporation, shall be bound to account therefor to its creditors. * * * No * * * assignment or transfer shall be void in the hands of a purchaser for a valuable consideration without notice."

It is well settled and, indeed, perfectly obvious that to avoid an assignment of property under this section, where the assignee is not an officer or director of the corporation making the assignment, it must be alleged and proved that when the assignment was made the corporation was insolvent or its insolvency was imminent, and that the assignment was made with the intent of giving a preference to a par-

ticular creditor over other creditors of the corporation. Van Slyck v. Warner, 118 App. Div. 40, 103 N. Y. Supp. 1, affirmed 192 N. Y. 547, 84 N. E. 724. The intent to prefer is of the very essence of the invalidity declared by statute, and to sustain the avoidance of an assignment under the section quoted this intent must be pleaded, proved, and found. In the present case no such intent was either pleaded, proved, or found. The court did find as a fact:

"That on said 15th day of February, 1912, the said Wm. N. Jennings Printing Company was insolvent or its insolvency was imminent, and that said corporation at said date was unable to pay its debts and maturing obligations."

Assuming that this finding was justified by the evidence, which is by no means clear, it is insufficient to require the avoidance of an assignment to one not an officer or director, in the absence of a finding of an intent to prefer.

The ground upon which defendant relied at the trial and on which he now insists as the reason why the plaintiff should not recover is that the assignment is not shown to have been executed by the printing company. The assignment is in writing, bears the seal of the assignor corporation, and is signed, "Wm. N. Jennings Printing Co., Earle L. Rich, Secretary." The evidence and finding is that it was given to plaintiff in consideration of its forbearance to press, by legal means, for the payment of the amount admittedly due to it, and that it did so forbear. The assignment was agreed to by Mr. Rich, the treasurer, who signed it, and also by Mr. Wm. N. Jennings, Jr., the vice president and general manager of the printing company, the two gentlemen who appear to have been the active factors in running the business of the printing company.

[2] There is no doubt that an agreement to forbear to sue, coupled with actual forbearance, is a good and sufficient consideration to support an assignment. Milius v. Kauffmann, 104 App. Div. 442, 93 N. Y. Supp. 669; Cary v. White, 52 N. Y. 142; Cyc. vol. 9, p. 338.

[3] It is true that the by-laws of the printing company did not give to its treasurer power to execute an assignment of its property, and, if the agreement had been wholly executory, it may be doubted whether the company or its general assignee would have been bound by it. But a different rule prevails where, as in the present case, the agreement was made for the benefit of the corporation and it has actually received the benefit for which it contracted. In such a case an agreement by an officer or agent of a corporation who assumes to act in its behalf can be enforced against the corporation, where it has received the benefit of the agreement. McCreery v. Ghormley, 6 App. Div. 170, 39 N. Y. Supp. 1036; Tyler v. Anglo American Ass'n, 30 App. Div. 404, 52 N. Y. Supp. 77; Vought v. Eastern Co., 172 N. Y. 518, 65 N. E. 496, 92 Am. St. Rep. 761; Quee Drug Co. v. Plaut, 55 App. Div. 87, 67 N. Y. Supp. 10; Ellis v. Howe, 9 Daly, 78; Cyc. vol. 10, pp. 1001, 1067. It is therefore, upon the facts found by the trial justice, immaterial that the assignment to plaintiff was not executed in accordance with the by-laws of the printing company.

The judgment appealed from must therefore be reversed, and a new trial ordered, with costs to appellant to abide event.

INGRAHAM, P. J., and CLARKE and HOTCHKISS, JJ., concur.   DOWLING, J., dissents.