FRANK H. HUBBARD, Appellant, *v.* SYENITE-TRAP ROCK COMPANY, Respondent.

First Department, June 8, 1917.

**Bills and notes — action on note of business corporation executed by treasurer without authority — production of note not prima facie evidence of authority — burden of proof — evidence — execution of similar notes by treasurer — payment of notes by corporation — proof that corporation received proceeds of note.**

In an action upon the promissory note of a manufacturing corporation executed by its treasurer, the production of the note by the plaintiff claiming to be a holder in due course does not establish a *prima facie* case and cast upon the defendant corporation the burden of showing its treasurer's want of authority.

The treasurer of such corporation has no implied power by virtue of his office to make promissory notes in its name, and the burden is upon the plaintiff to show, either that said treasurer in fact did have authority, expressly conferred by the by-laws or directors, or to be implied from a prior course of dealing, or that the corporation is estopped from denying such authority.

Where the by-laws of such corporation forbade the treasurer to issue notes, except upon the approval of the board of directors or its executive committee, and no such approval to the note in suit was formally given, and no executive committee was ever appointed, and it appears that the

payee of the note owned all the stock of the corporation and entirely
directed its affairs, it was error to exclude evidence that other notes had
been signed by the treasurer under like circumstances and had been paid
by the corporation, for if such were the fact the note became a binding
obligation.

*It seems,* that if the rights of other creditors should intervene, the burden
would be upon the defendant to show that fact in order to escape liability
on the note.

Moreover, it was error to reject evidence to the effect that the corporation
had received the benefit of the proceeds of the note, for if that were so, it
could not assert any lack of authority in its treasurer to execute the same.

APPEAL by the plaintiff, Frank H. Hubbard, from a judg-
ment of the Supreme Court in favor of the defendant, entered
in the office of the clerk of the county of New York on the
7th day of December, 1916, upon a dismissal of the complaint
by direction of the court at the close of plaintiff's case.

*Philip J. Britt,* for the appellant.

*Harmon S. Graves,* for the respondent.

SMITH, J.:

The defendant is a domestic corporation engaged in the
business of selling crushed stone and trap rock. This action
is brought by the assignee of one Kelly to recover upon a
promissory note purporting to be the note of the defendant
and concededly executed by its treasurer. The complaint
alleges in substance the making of the note to defendant's
own order, its indorsement and delivery before maturity by
defendant to one John Peirce, and its further indorsement
and delivery by Peirce for value and before maturity to
Kelly, plaintiff's assignor. Judgment is demanded for the
face amount of the note and interest, less certain payments
of principal and interest alleged to have been made. The
answer is in effect a general denial and in addition sets up
two defenses: *First,* lack of power in the treasurer to execute
the note, and *second,* that it was accommodation paper, as
Kelly knew. The complaint was dismissed at the close of
plaintiff's case on the ground that plaintiff had failed to show
authority in the treasurer, and plaintiff appeals.

It appeared on the trial that the directors and officers of

the defendant at the time the note was made were a son of Peirce and four employees of the John Peirce Company, which Peirce controlled, and that the note was made and indorsed by the defendant's treasurer and delivered to Peirce at the latter's instance. It is not claimed that Peirce gave the defendant value for the note on the delivery thereof. He thereafter, and before the note matured, asked Kelly to loan him $7,500 on it, and Kelly did buy it for that sum after being assured that the defendant was " good," that Peirce had " spent $300,000 or thereabouts on the proposition " and that it had practically no indebtedness. Such principal and interest as has been paid has come from Peirce.

It is contended on behalf of the appellant that the production of the note and proof of its execution by defendant's treasurer established a *prima facie* case and cast on defendant the burden of showing want of authority. The recent decision of the Court of Appeals in *Jacobus* v. *Jamestown Mantel Co.* (211 N. Y. 154) seems to be adverse to the appellant's contention, for it was there held that the treasurer of a manufacturing corporation has no implied power by virtue of his office to make promissory notes in its name and that no presumption of such power exists. It would seem to be necessary for plaintiff to show either that defendant's treasurer in fact did have authority — expressly conferred by by-law or directors, or to be implied from a prior course of dealing — or that defendant was estopped from denying such authority.

I am satisfied, however, that this judgment must be reversed and a new trial granted upon exception taken to the exclusion of evidence. Unquestionably the by-laws forbade the treasurer to issue notes except upon the approval of the board of directors or its executive committee, and no such approval was formally given. The proof, however, is to the effect that an executive committee was never appointed. That neither the board of directors nor the stockholders had at any time met and assumed authority over the corporation prior to the giving of this note. Proof was offered to the effect that Peirce owned all the stock of the corporation and that he entirely directed its affairs. Further proof was attempted to be made to the effect that other notes had been signed by the treasurer under like circumstances which had

been paid by the corporation. These offers were rejected. If such proof were made the corporation is not in a position to claim that the act of the treasurer directed by Peirce was unauthorized under the formal authority of the by-laws which were thus entirely disregarded. If the evidence as to Peirce's ownership of the stock had been admitted, in view of the manner in which the note was executed, within the authorities the note became a binding obligation of the corporation. (*Martin* v. *N. F. P. Mfg. Co.*, 122 N. Y. 165, 172.) It is not necessary here to decide whether the rights of creditors might intervene and make inapplicable the rule of law stated. If such be the fact, the burden would be upon the defendant to show the same, in order to escape liability for the making of the note in this manner authorized. Moreover the plaintiff offered evidence to the effect that the proceeds of this note in fact were received by the corporation or that the corporation received the benefit thereof. This evidence was excluded. If this fact had been proven, under well-settled authority the corporation could not assert the lack of authority in the treasurer to sign the note. (*Davies* v. *Harvey Steel Co.*, 6 App. Div. 166; *Curtis* v. *Natalie Anthracite Coal Co.*, 89 id. 61, 71; affd., 181 N. Y. 543 on opinion below; *Dill & Collins Co.* v. *Morison*, 159 App. Div. 583.)

The judgment must, therefore, be reversed and a new trial granted, with costs to appellant· to abide the event.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.