RESOURCE HOLDING CORPORATION, Plaintiff, *v.* SAMUEL NITKE, Defendant.

Supreme Court, New York County, January 9, 1930.

*Kaye, McDavitt & Scholer*, for the plaintiff.

*Moos, Nathan & Levine*, for the defendant.

TOWNLEY, J. Plaintiff moves under rule 113 of the Rules of Civil Practice for summary judgment. This is an action for an alleged balance due on a demand collateral promissory note made by the defendant and given to plaintiff's assignor, a bank, for money advanced. The defendant in his answer for an affirmative defense alleges: " That at the time of the making of the loan alleged in the complaint and the delivery of the note therein referred to plaintiff's assignor received from defendant certain property consisting of stocks, the value of which was in excess of the amount of the said loan, as security therefor. On information and belief that at the time the said loan became payable, plaintiff and/or its

assignor, had in its possession said property as an offset against the said loan; that said property has not yet been sold or otherwise liquidated and that the amount due to plaintiff has not and cannot be ascertained at this time." The defendant also presents an affidavit in which it is stated without contradiction that the stock certificates held by the plaintiff as collateral are indorsed in blank and are in negotiable form readily transferable by the plaintiff, and, if transferred to a third party without notice, such third party would obtain good title to the same as against the defendant, and further that neither plaintiff nor its assignor ever made any tender or offer to return the said certificates of stock to the defendant upon payment of the balance due upon the note sued upon.

It is the established rule that a holder of a promissory note secured by collateral has the right to maintain an action as against the maker of the note without demanding payment and offering to surrender the collateral. (*National Bank of Rochester* v. *Erion-Haines Realty Co.*, 213 App. Div. 54; *De Cordova* v. *Barnum*, 130 N. Y. 615.) Upon the payment or satisfaction of this promissory note by the defendant, its maker, he is clearly entitled to have delivered and surrendered up to him the stocks held by the plaintiff as collateral to the said note, especially as these stocks are in the form of negotiable instruments. (*Jenkins* v. *Conklin*, 146 App. Div. 301, 2d Dept. 1911.)

The pleadings and affidavits presented satisfactorily establish that the defendant has no substantial or meritorious defense to the plaintiff's cause of action, and the right of the defendant upon payment of balance due on the note to secure delivery and surrender to him of the stocks pledged as collateral can be adequately secured and protected by requiring the plaintiff to deposit such stock certificates with the clerk of this court to be held subject to the further order of the court. Plaintiff, of course, under the terms of the collateral promissory note, will have the right to sell and dispose of the collateral and credit the proceeds upon the judgment, which can be accomplished upon application to the court for a proper order.

Plaintiff's motion for summary judgment is granted, with costs of action and ten dollars motion costs, upon condition that, in accordance with rule 3 of the Special Term Rules, plaintiff file with the clerk of this court the original promissory note now sued upon, together with the certificates of stock pledged as collateral to said note to be held by the clerk subject to further order of the court. Defendant is given twenty days' stay of execution from and after service of a copy of judgment to be entered hereon, with notice of entry thereof. The clerk is directed to enter judgment accordingly. Order signed.