In the Matter of the Estate of JACOB SONNENSHEIN, Deceased.

Surrogate's Court, Bronx County, June 25, 1932.

*Sidney Rosenzweig*, for the administratrix.

*Milton H. Goldstricker*, for Morris Richman, creditor.

*Charles E. Jacobs*, for Lily Tulip Cup Corporation, creditor.

HENDERSON, S. Upon this contested accounting one Morris Richman makes claim for $585 against the estate. It is asserted that the claimant on March 25, 1927, loaned $400 to the decedent, who gave to the objectant two promissory notes of $200 each. The decedent was the maker of both notes which are dated March 23, 1927, and were delivered March 25, 1927. At the same time the objectant claims that he gave the decedent two notes of $200 each. Richman was the maker of these notes. The son of the objectant testified that the decedent asked for $800 and that his father advanced $400 cash and the other $400 in notes. I find and decide that what actually occurred was that there was an exchange of notes. The two notes signed by the decedent were a valid consideration for the two notes made by the claimant. (*Milius* v. *Kauffmann*, 104 App. Div. 442.) Subsequently the decedent became bankrupt and was later discharged in bankruptcy. The two notes which the decedent had previously given to Richman were not included in the schedules as a liability and the claimant testified that he did not know of the bankruptcy proceedings until after the decedent had been discharged in those proceedings. So long as the claimant had no actual notice of the bankruptcy, the discharge of the decedent in bankruptcy without the inclusion of the debt owing to the objectant in the schedules or in the composition, in no way affects the liability of the estate upon this obligation. (*Matter of Rosenthal*, 193 App. Div. 908.) It is urged that the claimant also went through bankruptcy subsequent to this transaction and that the decedent's notes were not listed as an asset in his schedules. The question arises as to whether or not the objectant may assert this claim. Any right of action upon these notes passed to the trustee of the claimant's bankrupt estate. It appears that the trustee at no time had any knowledge of this claim against the decedent. Only in the event that the trustee, after being apprised of the claim, elected not to accept it could this claimant assert the claim personally. The claimant having no title to the claim upon the notes, cannot be successful in this proceeding. It is an asset to be asserted for the benefit of the creditors of the bankrupt estate. (*Stephan* v. *Merchants Collateral Corp.*, 256 N. Y. 418.) The claimant further contends that the estate is indebted to him by reason of the fact that he settled a claim against him on the two notes issued by him for $185. As I have found that he was not an accommodation maker with regard to them, but that

they were issued for a valid consideration, this claim must be disallowed. The objections of Morris Richman to the account are overruled.

There is one other objectant who is a creditor of the estate.

Upon stipulation, the claim for credit in Schedule C for a tombstone is reduced from $600 to $350. The items of $200 and $511.64 claimed by the administratrix for money loaned to the decedent are allowed. The two items amounting to $123.10 were for funeral expenses. They are allowed and she may be reimbursed by the estate in that amount as a preferred creditor. As credit for these items is claimed in Schedule C and they are again set forth as a personal claim in Schedule D; they will be stricken out of Schedule D. The remaining two items aggregating $23.67 are allowed. Settle decision and decree accordingly.