HERBERT SMITHERS, Respondent, v. WARREN LESLIE, Appellant.— In an action for libel, order denying defendant's motion for an order dismissing the complaint for insufficiency reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the matter complained of was absolutely privileged, as it is alleged that it was contained in an affidavit in opposition to an application to set aside a condemnation award. The burden of showing lack of relevancy was upon the plaintiff, and there being no allegations to the contrary, it must be accepted as true that the affidavits submitted in support of the motion in the condemnation proceeding contained the averments as set forth in the complained of matter. These averments the defendant was entitled to explain or rebut, and, therefore, the matter relating to the plaintiff was pertinent. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

WESTCHESTER TRUST COMPANY, Appellant, v. LOUIS HARRISON, Respondent, and MORRIS GUTERMAN, Defendant.— Action upon a series of notes made and delivered by defendant Harrison to the plaintiff trust company. Defendant Harrison counterclaimed upon an alleged agreement that the plaintiff sold certain mortgage certificates to him and at the time of each sale had made an agreement to repurchase them at any time he should demand such repurchase. The certificates were delivered to the plaintiff as collateral for the notes in suit. Defendant Harrison demanded that the plaintiff carry out its agreement of repurchase and apply the proceeds to the payment of the notes. The plaintiff did not comply with the demand and brought action for the notes. Judgment for defendant Harrison reversed on the law and counterclaim dismissed, with costs, and judgment directed for the plaintiff for the amount demanded in the complaint. Assuming the agreement relied on by defendant Harrison was made, the defense of *ultra vires*, raised on the reply to the counterclaim, was not available to the plaintiff (*Vought* v. *Eastern Bldg. & Loan Assn.*, 172 N. Y. 508; *Carr* v. *Nat. Bank & Loan Co.*, 167 id. 375, 380; *Mutual Life Ins. Co.* v. *Stephens*, 214 id. 488; *Dill & Collins Co.* v. *Morison*, 159 App. Div. 583, 586); nevertheless, the agreement is contrary to public policy and may not be enforced against a bank as the contingent liabilities generated by such agreements might imperil the capital and surplus of a bank and the security of its depositors. (*Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192; *Bay Parkway Nat. Bank* v. *Shalom*, 270 id. 172; *Brown* v. *Union Banking Co.*, 274 Mich. 499; 265 N. W. 447; *Farmers & Mechanics Sav. Bk.* v. *Crookston State Bk.*, 169 Minn. 249, 252; 210 N. W. 998; *Hawkins Realty Co.* v. *Hawkins State Bank*, 205 Wis. 406; 236 N. W. 657; *Knass* v. *Madison & Kedzie State Bank*, 354 Ill. 554; 188 N. E. 836; appeal dismissed, 292 U. S. 599.) This element in the contract may be challenged at this time as violating sound public policy. (*Massachusetts Nat. Bank* v. *Shinn*, 163 N. Y. 360, 363.) Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.