THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SEYMOUR VORZIMER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORTON HUGHITAL, Appellant.— Judgments of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendants of the crime of unlaw‑ fully maintaining and operating a lottery unanimously affirmed. No opinion Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

JOSEPHINE SALADINO and JOHN SALADINO, Appellants, v. NEW YORK RAPID TRANSIT CORPORATION, Respondent.— Judgment for defendant in an action to recover damages for personal injuries and loss of services unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

SEYMOUR BUILDING CO., INC., Appellant, v. GEORGE R. WAGNER, Respondent. — Action by a vendee to recover from a vendor a down payment and expenses for title examination in connection with a contract for the sale of real property and to impress a lien upon the property. Judgment for the defendant dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ.

TARRYTOWN NATIONAL BANK AND TRUST COMPANY, Appellant, v. RAYMOND D. McMAHON and Another, Defendants, and ROBERT J. WARREN and FRED J. WARREN, Respondents.— Action upon a promissory note indorsed by defendants Robert J. Warren and Fred J. Warren. Order denying plaintiff's motion for sum‑ mary judgment under rule 113 of the Rules of Civil Practice reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The defense of the Warrens was that they were indorsers of the note for the accommodation of the plaintiff bank and that the said note was in renewal of a similar note which had been indorsed by their father. They claimed that the bank had agreed that the note was not to be a personal obligation but to be an obligation of the estate of their father. The defense is insufficient in law, assuming any such agreement was made. " Public policy requires that a person who, for the accommo‑ dation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced." (Mount Vernon Trust Co. v. Bergoff, 272 N. Y. 192; Westchester Trust Company v. Harrison, 249 App. Div. 828.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.