The Mount Vernon Trust Company, Appellant, v. Oakwood Gardens, Inc., Defendant, and Andrew H.. Karl, The Willson and Adams Co., and David Skolkin, Respondents.— Order denying plaintiff's motions to strike out separate defenses and counterclaims reversed on the law, with ten dollars costs and disbursements, and motions granted to the extent of striking out the first, second, third and fourth separate defenses contained in the answers of defendants Karl, The Willson and Adams Co., and Skolkin, and otherwise denied, without costs. All the defenses set up in the answers are insufficient, inasmuch as they plead lack of consideration, existence of condition precedent, indebtedness of plaintiff to defendants, fraud of plaintiff in inducing defendants to enter into a joint venture, and an agreement to indemnify. Such allegations cannot affect the validity of a note given a bank which on its face appears to be a genuine obligation and an asset of such bank. (Mount Vernon Trust Co. v. Bergoff, 272 N. Y. 192; Westchester Trust Co. v. Harrison, 249 App. Div. 828; Tarrytown Nat. Bank & Trust Co. v. MacMahon, 250 id. 739.) The doctrine of estoppel as applied in the Bergoff case (supra) is independent of sections 35 and 54 of the Negotiable Instruments Law and is not limited to prospective obligations. The matter pleaded in the counterclaims rests upon the power of plaintiff both to enter into and disaffirm

obligations growing out of an agreement to conduct a joint venture and to indemnify in connection therewith. Without passing upon the sufficiency of such counterclaims at this time, we are of opinion that a determination thereon should await trial at which all the facts may be ascertained. If defendants sought to allege an indebtedness to them by way of contribution from plaintiff as a setoff, this should have been the subject of a counterclaim. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.