## FEDERAL DEPOSIT INS. CORPORATION v. LYNCH.

### No. 2567.

District Court, E. D. New York.

Aug. 20, 1942.

Duberstein & Schwartz, of Brooklyn, N. Y., for plaintiff.

Edward Haas, of Brooklyn, N. Y., for defendant.

CAMPBELL, District Judge.

This is a motion made by the plaintiff for judgment on the pleadings.

This action is based upon a promissory note, executed and delivered by the defendant James J. Lynch to the Fort Greene National Bank in New York, on or about July 9th, 1936, wherein and whereby it is stated, for value received the defendant promised to pay to the order of the said bank on demand the sum of $6,200 with interest thereon at the rate of 6% per annum.

The defendant, as collateral security for the payment of the said note, deposited the following property with the bank:

1. Assignment of values, less previous loans aggregating $891.00, in New York Life Insurance Company's policies on life of James J. Lynch, numbered 9,041,886 and 10,975,148.

2. Assignment of 750 shares common stock of The Panama Co. Ltd., par value $10.00, numbered 6 & 7.

3. Assignment of six notes made by M. G. Thomle aggregating $3,600.00.

The said bank realized upon the cash values of the aforesaid policies, before its suspension and credited the same to said note.

On April 14th, 1937, the bank closed, because of inability to meet the demands of its depositors, whereupon the Comptroller of the Currency of the United States of America, pursuant to the Statutes in such case made and provided, appointed plaintiff as Receiver of the Bank.

At the time of the commencement of this action, the amount due and owing, from the defendant to the plaintiff, on said note, was $5,754.39 for which plaintiff seeks judgment.

The summons and complaint herein were served upon the defendant, who filed an answer and plaintiff moved for judgment on the pleadings.

Subsequent thereto, defendant filed an amended answer to the complaint.

The attorneys for the respective parties thereafter entered into a stipulation, which was filed with this Court, that the original motion for judgment on the pleadings be directed to the amended answer.

The amended answer, in effect, denies the allegations of the complaint, except that defendant admits executing the note and that payment was made on account, of the note, as alleged.

The defendant, by his amended answer, interposed the following separate defenses:

1. That there was attached to the said note the collateral hereinbefore described, as collateral security and that at the time of the alleged presentment of said note for payment, said collateral was not tendered therewith.

2. That defendant made the note alleged in the complaint for the benefit and accommodation of the said bank, now in liquidation, of which plaintiff is the receiver, and without receiving any value therefor, and for the purpose of lending his name to the said bank, and the Uneeda Heating and Plumbing Corporation indebted to said bank. That said note was given to said bank without consideration and without any valid consideration.

These defenses cannot, as a matter of law, be sustained.

It is no defense to this action on the note that plaintiff did not tender the collateral at the time of the presentment of the note. Resource Holding Corp. v. Nitke, 136 Misc. 139, 239 N.Y.S. 26.

A pledgee of collateral, given to secure a debt is not required to return the security as a condition precedent to an action on the debt. First Trust & Deposit Co. v. Potter, 155 Misc. 106, 278 N.Y.S. 847; De Cordova v. Barnum, 130 N.Y. 615, 29 N.E. 1099, 27 Am.St.Rep. 538; 49 Corpus Juris 980.

A holder of a note can rely on the note as the primary obligation before resorting to the collateral security. Salt Springs National Bank v. Hitchcock, 144 Misc. 547, 259 N.Y.S. 24.

The failure of plaintiff to tender the collateral security constitutes no bar to this action, and that defense is not only without merit, but it is not even arguable.

It is no defense to the action that defendant alleges that he executed the note in question, for the accommodation of the bank, and a certain Uneeda Heating and Plumbing Corporation.

In an action by a bank on a note, the Courts of the State of New York, have held that public policy requires that the validity of the note which on its face appears to be a genuine obligation, and an asset of the bank can not be affected by allegations of lack of consideration, existence of a condition precedent, indebtedness of the bank to defendants and an agreement to indemnify. Mount Vernon Trust Co. v. Oakwood Gardens, Inc., 254 App.Div. 686, 3 N.Y. S.2d 532.

In the case at bar, nothing appears on the face of the note, which shows any intention to constitute the defendant an accommodation party, nor does it contain any reference to a Uneeda Heating and Plumbing Corporation. The note on its face is a genuine obligation.

The defense that defendant is an accommodation party, is without merit, because as such he would still be liable.

Negotiable Instruments Law of the State of New York, Chapter 38 of the Consoli-

dated Laws, Section 55, provides as follows: "§ 55. Liability of accommodation party. An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The defendant's contention that, as an accommodation party, he received no value for lending his name to some other person indebted to the bank (Uneeda Heating and Plumbing Corporation), and that the bank had knowledge of the fact that he was an accommodation party, presents no defense in view of Section 55 of the Negotiable Instruments Law supra.

Defendant's contention that he signed the note for the accommodation of the bank, is without merit, as the Court of Appeals of the State of New York, has held that public policy requires that one who for the accommodation of the bank executes an instrument which is in the form of a binding obligation should be estopped from asserting that simultaneously the parties agreed that the instrument should not be enforced. Mount Vernon Trust Co. v. Bergoff, 272 N.Y. 192, at page 196, 5 N.E.2d 196; Tarrytown National Bank & Trust Co. v. McMahon, 250 App.Div. 739, 293 N.Y.S. 513.

The note in question is conclusive as to the liability of the defendant therein, and in view of the provisions of Section 55 of the Negotiable Instruments Law of New York State, supra, the cases cited by the defendant, decided in other jurisdictions, are not in point. The cases cited by defendant, decided by the New York State Courts, are clearly distinguishable on the facts and law.

The matter at issue was between a bank and an individual, not between individuals, and therefore, public policy, which is not dealt with in these cases, cited by the defendant, enters into the determination in the case at bar.

The amended answer herein is sham and frivolous.

Motion for judgment on the pleadings, on the ground that the amended answer is sham and frivolous, granted to plaintiff against the defendant with costs.

Settle order on notice.