Marcus G. Christ, J.
Motion by the plaintiff for summary judgment in (1) an action on a promissory note, and (2) an action to foreclose a chattel mortgage.
The Manufacturers’ Bank of Edgewater, New Jersey, (hereinafter called the bank) received a promissory note on January 16, 1958. The defendant was the maker and the bank was the payee. The note provided for payment of $11,000 on February 16, 1958. It was not paid on its due date. When the Commissioner of Banking and Insurance took over the plaintiff bank on July 17, 1958, the sum of $98.40 — a deposit account offset was credited to the defendant leaving an outstanding balance on the note of $10,901.60 with interest from January 16, 1958. *210 The note was indorsed by the Capital Funding Corporation. On or about March 28, 1958, Capital, which owned a controlling interest in the defendant, furnished as collateral security for the payment of the note a chattel mortgage which had been given by the defendant in 1956. To accomplish this, Capital caused the then assignee of the chattel mortgage, Inland Credit Corporation, to assign the mortgage to the bank.
The defendant denies that it received value for the execution and delivery of the promissory note of January 16, 1958 and contends that while it executed the note it was understood and agreed that the Capital would alone make payment. As to the action on the chattel mortgage the defendant pleads that the indebtedness for which the chattel mortgage was originally given as security in 1956 was paid by Capital, and also contends that the chattel mortgage was not filed in accordance with the statute.
When a bank is the payee of a promissory note that is complete and regular on its face, the maker is estopped from urging that it received no consideration for the note (Bay Parkway Nat. Bank v. Shalom, 270 N. Y. 172; Mount Vernon Trust Co. v. Bergoff, 272 N. Y. 192; Mount Vernon Trust Co. v. Oakwood Gardens, 254 App. Div. 686) or that the note would not be enforced against it (Mount Vernon Trust Co. v. Bergoff, supra). Therefore, the defendant has no defense to the first cause of action.
Insofar as the second cause of action is concerned, the defendant likewise has no meritorious defense. It admits that the chattel mortgage was executed and delivered by it to secure a valid indebtedness in 1956. The fact that a third party, Capital, may have paid the original indebtedness, did not constitute payment by the defendant. Therefore, when the chattel mortgage was reassigned to the plaintiff bank, it was a valid instrument upon which action could be brought. The further defense that the chattel mortgage was improperly filed is not available to the defendant mortgagor (Lien Law, § 230; Stephens v. Meriden Britannia Co., 160 N. Y. 178).
Accordingly, the plaintiff’s motion is granted. Judgment may be entered providing (1) for the foreclosure of the chattel mortgage (2) for money judgment in the sum of $10,901.60 with interest thereon from January 16, 1958, with costs and disbursements.
Settle order on notice.