SAMUEL H. HURD, as Receiver, etc., Respondent, *v.* RICHARD KELLY, Appellant.

While the general rule is that where the condition of an obligation is in the disjunctive, it may be discharged by the performance of either of the designated acts, at the election of the obligor, when the language of the instrument gives the right of election to the obligee, such effect will be given to it.

Defendant and others executed a bond, by the terms of which each one severally obligated himself to pay a separate and specified sum to the Third Avenue Savings Bank, on the 1st day of January, 1883, "or six months after a demand therefor." When the bond was given the assets of the bank had become impaired, and the bond was executed for the purpose of being exhibited to the bank department as an asset, so that the bank might pass examination and be enabled to continue its business. In an action by a receiver of the bank upon the bond, *held*, that the intent to be gleaned from the language of the bond was to fix the day specified as the date when the obligation should mature, in the absence of any prior demand, and to enable the bank to accelerate the time of payment by a six months demand; that the circumstances, under which the bond was given, confirm this construction; and that, therefore, an action brought before the day specified, but six months after demand, was not premature.

The consideration expressed in the bond was that said bank, upon the request of each of the obligors, continues its business after January 15, 1873, and of the mutual covenants contained therein. The bank did continue in business after the time specified and until December, 1875, when plaintiff was appointed receiver. *Held*, that the continuance in business, and the incurring of new obligations incident thereto, was a good consideration.

Also, *held*, that the transaction was not in violation of public policy, and even if it was *ultra vires*, that objection could not prevail as against the the claims of depositors who are represented by the receiver.

Defendant claimed that there was a fraudulent suppression and concealment by the persons who solicited him to sign as to the true condition of the bank. It appeared that defendant was informed, when he executed the bond, that it was to be used to give credit to the bank with the banking department, and with the public, so that it would be enabled to continue its business. *Held*, that this was a sufficient notice that the bank was in a precarious condition, and that under the circumstances, the fact that its exact condition was not disclosed was no defense; also, that as defendant had allowed the bond to be treated as an asset for three years, and the public to deal with it on that assumption until it became insolvent, he was estopped from setting up such defense.

An offer to prove that the bond was delivered upon the consideration that certain other persons should execute it, who did not, was overruled.

*Held,* no error; as this defense was not alleged in the answer; also, that as it appeared that whatever was said upon this subject, was prior to the time the bond was executed, and as the bond itself was complete and perfect, the whole sum proposed to be guaranteed by its being covered by the several sums assumed by the obligors who executed it, it was to be inferred that if it was originally contemplated that others should execute it, that purpose was abandoned.

(Argued November 10, 1879; decided November 18, 1879.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (See note of decision below, 17 Hun, 327.)

This action was brought by plaintiff, as receiver of the Third Avenue Savings Bank, upon a bond executed by defendant and the other obligors named therein, of the body of which the following is a copy :

" Know all men by these presents, that we, William A. Darling, John H. Lyon, Daniel Bates, W. D. Burns, William B. Harrison, James Stephens, Andrew Stephens, James Owens, Richard Kelly, D. D. T. Marshall, David Morgan, George Hencken, Jr., Thompson W. Decker, William S. Opdyke and John Lacey, in consideration that the Third Avenue Savings Bank of the city of New York, upon the request of each of us hereby made, does continue its ordinary business after the fifteenth day of January, 1873, and in further consideration of the mutual covenants hereof, do hereby agree with each other to bind ourselves respectively, and are hereby severally bound, each for himself, his respective hers, executors and administrators, and not one for the other, to pay unto the said the Third Avenue Savings Bank of the city of New York, its successors or assigns, on the first day of January in the year one thousand eight hundred and eighty-three (1883), or six months after a demand therefor, the following sums respectively, viz. : the said William A. Darling the sum of fifteen thousand dollars ($15,000), the said John H. Lyon the sum of five thousand dollars ($5,000), the said Daniel Bates the sum of ten thousand dollars ($10,000), the said W. D. Burns the sum of ten

thousand dollars ($10,000), the said William B. Harison the sum of ten thousand dollars ($10,000), the said James Stephens the sum of ten thousand dollars ($10,000), the said Andrew Stephens the sum of ten thousand dollars ($10,000), the said James Owens the sum of five thousand dollars ($5,000), the said Richard Kelly the sum of ten thousand dollars ($10,000), the said D. D. T. Marshall the sum of twenty-five hundred dollars ($2,500), the said David Morgan, George Hencken, Jr., Thompson W. Decker, William S. Opdyke, each the sum of twenty-five hundred dollars ($2,500), and the said John Lacey the sum of twenty-five hundred dollars ($2,500), with interest in each case on the said amounts respectively from the first day of January, 1873, at the rate of seven per centum per annum, payable on the first days of January and July in each year until the principal sums are paid or discharged."

" And it is expressly agreed by and between the parties hereto, that the payments made on account of either the principal or interest of this bond, shall not be claims against the said savings bank nor constitute a debt of the said savings bank, except, however, that all payments so made shall be returned with interest by the said savings bank, *pro rata*, out of any actual surplus acquired by it exceeding the sum of one hundred thousand dollars, such payments to be made by the said savings bank, *pro rata*, until the whole amounts paid hereunder shall be returned with interest."

" And the said Third Avenue Savings Bank does receive this bond upon the terms herein expressed, and further agrees that whenever an actual surplus exceeding the amount of fifty thousand dollars shall have been acquired by it, then the rate of interest upon the several sums secured by this bond shall be reduced to such extent as shall not impair such surplus, and that proportionate interest shall be allowed and paid by it upon all sums of money actually paid on account of the principal sums secured hereby.

" And the said savings bank does further agree that whenever the actual surplus acquired by it shall amount to

the sum of ten thousand dollars exclusive of this bond, then this bond shall be discharged, and the several obligors thereof be forever released therefrom."

The circumstances under which the bond was executed and the further material facts appear sufficiently in the opinion.

*William A. Beach*, for appellant.    The circumstances surrounding the execution of an instrument are competent to be considered in construing unintelligible or obscure provisions. (*Field* v. *Munson*, 47 N. Y., 221; *Baldwin* v. *Bald*, 48 id., 673; *Knapp* v. *Warner*, 57 id., 668; *Western N. Y. L. Ins. Co.* v. *Clinton*, 66 id., 331.)    It was admissible to show the intent of the parties in making and receiving delivery of the instrument.    (*Grierson* v. *Mason*, 60 N. Y., 394; *Petit* v. *Shepard*, 32 id., 97; *Thomas* v. *Truscott*, 53 Barb., 200; *Arthur* v. *Roberts*, 60 id., 580.)    Such construction must be given as will realize the probable intent of the parties. (*Woodruff* v. *Woodruff*, 52 N. Y., 57; *Springsteen* v. *Samson*, 32 id., 703 ; *Dent* v. *North Amer. Ins. Co.*, 49 id., 390.)    If the condition of an obligation be in the disjunctive, it may be discharged by the performance of either of the enumerated acts, at the election of the obligor.    (*U. S.* v. *Thompson*, 1 Gal., 389; *McNitt* v. *Clark*, 7 J. R., 465; *Smith* v. *Sanborn*, 11 id., 59; *Layton* v. *Pierce*, Douglass, 14; *Dunn* v. *Spunier*, 3 Bos. & Pul., 399; *Alexander* v. *Thomas*, 71 En. Com. L., 333; *Price* v. *Nixon*, 5 Taunt., 338; S. C., 1 Eng. C. L. R., 126; *Reed* v. *Kilburn*, L. R. [10 Queen's B.], 264; Pothier on Obligations, §§ 246, 247; *Chippendale* v. *Thurston*, 4 Car. & P., 98; S. C., 19 Eng. Com. L. R., 293; 2 Parsons on Con. [6th ed.], 656.)    Effect must be given, if possible, to every part of the instrument. Apparent inconsistency must be overcome by liberal reconciliation of terms. (*Ripley* v. *Larmouth*, 56 Barb., 21.)    The bond sued upon is without consideration and void.    *Develin* v. *Brady*, 36 N. Y., 534; *Bliss* v. *Mattison*, 52 Barb., 348; *Hope M. L. Co.* v. *Perkins*, 38 N. Y., 404; *Same* v. *Weed*,

28 Conn., 51; *Tilden* v. *The Mayor*, 56 Barb., 340; 1 Parsons on Con. [6th ed.], 452; *Barnes* v. *Perrine*, 12 N. Y., 18; *Richmondville Sem'y* v. *McDonald*, 34 id., 379.) The court below erred in excluding the offer of defendant to prove that he executed the bond upon the representation that other named parties who did not sign it would execute it (fols. 228–235). *Russell* v. *Freer*, 56 N. Y., 67–71; *Chonteau* v. *Suydam*, 21 id., 179 ; *People* v. *Bostwick*, 32 id., 445 ; *Dillon* v. *Anderson*, 43 id., 231; *Richardson* v. *Rogers*, 50 How., 403; *Dair* v. *U. S.*, 16 Wall., 1; 8 American Law Register, 665; 16 id., 170.) The court below also erred in excluding proof that defendant signed upon the representation made by the authorized trustees, on behalf of the bank, upon which defendant relied, that the bond was *not needed as an asset in the ordinary and general business of the bank.* (*Davis* v. *Bemis*, 40 N. Y., 453; *Baldwin* v. *Burrows*, 47 id., 214; *N. Y. and N. H. R. R.* v. *Schuyler*, 34 id., 30–50; *Ripley* v. *Hazzleton*, 3 Daly, 329; *Warner* v. *Blakeman*, 4 Keyes, 487; *Philips* v. *Conklin*, 58 N. Y., 682; *Waldron* v. *Stevens*, 12 Wen., 100; *Devoe* v. *Brandt*, 53 N. Y., 462; *Beardsley* v. *Duntley*, 69 id., 577; *Sincon* v. *Fitch*, 42 Me., 456; *Devendorf* v. *Beardsley*, 23 Barb., 659; *Osgood* v. *Toplitz*, 3 Lans., 184.) The circumstances imposed upon defendant no duty of *active* vigilance and care. (*Baker* v. *Spencer*, 47 N. Y., 562; *Brown* v. *Post*, 1 Hun, 303; affmd., 62 N. Y., 651; *Baker* v. *Sever*, 67 id., 304.) The bond or obligation signed by defendant is illegal and void and against public policy. (Story on Contract, § 1; *Bissell* v. *Michigan, etc., R. R.*, 22 N. Y., 285; *Pullau* v. *Cincinnati R. R.*, 4 Biss., 35; *Crocker* v. *Whitney*, 71 N. Y., 161; *Osgood* v. *Layton*, 3 Abb. Ct. of App., 418; *Basher* v. *Dressel*, 37 Md., 503; *N. Y. Trust and Loan Co.* v. *Helmer*, 12 Hun, 35; *Whitney Arms Co.* v. *Barlow*, 63 N. Y., 69; Brice on Ultra Vires [2d ed.], 68; *Tracy* v. *Talmage*, 14 N. Y., 162; *Rawlins* v. *Wickham*, 3 DeGex & Jones, 304; *Ships Case*, 2 DeGex, J. & S., 544.) It was without consideration. (*Agricultural Bk.* v. *Robinson*, 24 Me., 277; *Lime Rock Bk.*

v. *Hewitt*, 50 id., 267; *Cook* v. *Shipman*, 51 Ill., 316; *Gray* v. *Hook*, 4 N. Y., 449; *Burrows* v. *Smith*, 10 id., 550.) The testimony offered to show the *false representations* of the trustees who procured defendant's signature to the bond, was erroneously excluded. (*N. H. R. R.* v. *Schuyler*, 34 N. Y., 49, 51; *Bk. of Genesee* v. *Patchin*, 19 id., 312; *Bennett* v. *Judson*, 21 id., 238; *Davis* v. *Bemis*, 40 id., 453; *Baker* v. *Union Ins. Co.*, 43 id., 283; *Baldwin* v. *Burrows*, 47 id., 199; *Venezuela Co.* v. *Kisch*, 2 L. R. H. of L. Cas., 39; *Bk. of Scotland* v. *Addis*, 1 H. of L. [Sc.], 145; *Sandford* v. *Handy*, 23 Wend., 260, 268; *Devendorf* v. *Beardsley*, 23 Barb., 656; Story on Agency, § 452; *Baker* v. *Lever*, 67 N. Y., 309; *Brown* v. *Post*, 1 Hun, 303.) The obligation having been executed *and delivered* on the *representation and condition* that *all of the trustees* should execute the same, and all of said trustees *not* having executed it, it is void as to defendant. (*People* v. *Bostwick*, 32 N. Y., 445; *Lovett* v. *Adams*, 3 Wend., 380; *Chontean* v. *Suydam*, 21 N. Y., 179; *Ayers* v. *Milroy*, 53 Mo., 516; *Cutler* v. *Whittemore*, 10 Mass., 442.)

*A. J. Vanderpoel*, for respondent. The bond executed by the defendant was founded on a good consideration, and created a valid obligation against him. (*Petrie* v. *Barclay*, 47 N. Y., 653; *Stearns* v. *Coggleshall*, 5 Duer, 294; *Hope M. L. Ins. Co.* v. *Perkins*, 38 N. Y., 404; *Same* v. *Taylor*, 2 Robert., 278; *Same* v. *Weed*, 28 Conn., 51; *Atty. Gen.* v. *Bk. of Niagara*, Hopkins, 354; *Barnes* v. *Perine*, 12 N. Y., 29, 30; Johnson, J., on General Subject; *Amherst Acad.* v. *Cowles*, 6 Pick., 427; *Barnes* v. *Perine*, 15 Barb., 249; S. C., 9 Barb., 202; *Richmondville Sem'y* v. *Brownell*, 37 id., 535; *Sands* v. *Crook*, 46 N. Y., 564, 570.) Defendant having for nearly two years allowed his bond to be represented as an asset of the bank, is estopped from now asserting its invalidity in an action brought by the receiver to enforce it. (*Farrar* v. *Walker*, 3 Dillon, 506; *Ruggles* v. *Brock*, 13 N. Y. Sup. Ct., 104; *Michener* v. *Payson*, 13 Nat. Banky. Reg.,

49; *Hope M. L. Ins. Co.* v. *Perkins,* 38 N. Y., 404.)   The offer to prove the representations of the trustees upon the execution of the bond, was properly overruled.   (*Casoni* v. *Jerome,* 58 N. Y., 315, 321; *Western N. Y. Life* v. *Clinton,* 66 id., 326; *McWilliams* v. *Mason,* 31 id., 294, 302; *Ajilore* v. *Knox Ins. Co.,* 22 How. [U. S.], 380, 391; *Upton* v. *Tribilcock,* 91 U. S. R., 45; *Chubb* v. *Upton,* 95 id., 667; *Magee* v. *Manhattan Life,* 92 id., 93; *Wythes* v. *Labouchere,* 3 De G. & J., 593, 609; *Hamilton* v. *Watson,* 12 Cl. & F., 109.)   The allegations of the answer did not establish a delivery in escrow.   (*Dillon* v. *Anderson,* 43 N. Y., 231.) Under the circumstances the rule of *estoppel* is applicable, rather than the doctrine of *ultra vires.*   (*Hope Mutual* v. *Taylor,* 2 Robert., 278; *Same* v. *Weed,* 28 Conn., 51, 63; *Same* v. *Perkins,* 38 N. Y., 304; *White* v. *Haight,* 16 id., 310, 322, 323; *Railway Co.* v. *McCarthy,* 96 U. S. R., 258; *Oil Creek Co.* v. *Penn. Trans. Co.,* 83 Penn. R., 160; *Bissell* v. *Mich. S. R. R.,* 22 N. Y., 258, 269, 273; *Taylor* v. *Chichester,* L. R. [2 Ex.], 356; *Moss* v. *Rossie Lead Mining Co.,* 5 Hill, 137; *State Indiana* v. *Woram,* 6 id., 37; *Steam Nav. Co.* v. *Weed,* 17 Barb., 378; *Fishmongers' Co.* v. *Robertson,* 5 McG., 131; *R. and B. R. Co.* v. *Proctor,* 29 Vt., 93; *F. and M. Bk.* v. *D. and M. R. Co.,* 17 Wis., 372; *Silver Lake Bk.* v. *Worth,* 4 J. Chy., 370; *Parish* v. *Wheeler,* 22 N. Y., 494; *Palmer* v. *Lawrence,* 3 Sandf. Sup. Ct. R., 161; *Chester Glass Co.* v. *Dewey,* 16 Mass., 94; *Steamboat Co.* v. *McCutcheon,* 13 Penn. St., 13.)

ANDREWS, J.   The objections to the recovery in this case will be briefly considered.   It is claimed that the bond was not due at the time of the commencement of the suit.   This turns upon the construction of the instrument.   The bond was executed by several obligors who bound themselves severally, in separate amounts each for himself, and not for the others, to pay to the bank a sum specified " on the first day of January, one thousand eight hundred and eighty-three (1883), or six months after a demand therefor," the aggre-

gate undertaking of all the obligors amounting to the sum of $100,000. The counsel for the defendant insists that the obligors had a right to pay the bond on the first day of January, 1883, but that the bank could only require payment after a demand of six months terminating at that date or any subsequent period. We do not think this construction admissible.

The general rule is that when the condition of an obligation is in the disjunctive it may be discharged by the performance of either of the enumerated acts at the election of the obligor. This is ordinarily consistent with the language and design of the instrument, but it is entirely competent for the parties to give the election to the obligee, and when the language of the instrument gives to the latter the right to demand payment or enforce performance in either of two ways, there is no arbitrary rule which prevents effect being given to it. Mr. Justice STORY in the *U. S.* v. *Thompson* (1 Gal., 389), in speaking of the general rule to which we have adverted says : " An exception to the rule is when the parties have saved the election to the other party." We think it is quite clear from the language of the bond in question that the intention was to fix the first day of January, 1883, as the day upon which the obligation should mature, in the absence of any prior demand of payment by the bank, but at the same time to enable the bank to accelerate the time of payment by six months' demand, if earlier payment was deemed necessary or required. The circumstances under which the bond was executed confirm this construction. It appears that when the bond was given the assets of the bank had become impaired to an amount as great or greater than the amount of the bond. The bond was executed for the purpose of being exhibited to the bank department as an asset so that the bank might pass the examination and inspection of the department and be enabled to continue its business. Under these circumstances it was quite natural that the bond should be drawn so as to make it available for the use of the bank within a short

time in case of an emergency and the obligors probably deemed themselves sufficiently protected against being called upon for payment before payment was needed, by the fact that the most of the obligors were trustees of the bank, and their interests would be adverse to such action. We are of opinion that the bond was payable six months after demand of payment by the bank, made at any time after its execution.

It is also claimed that the bond was void for want of consideration. This objection is untenable. The bond is dated on the 28th of December, 1872. The undertaking of the several obligors is stated therein to be upon the consideration that the bank upon the request of each of the obligors, continues its ordinary business after the 15th day of January, 1873, and of the mutual covenants contained in the instrument. The bank did continue its business until the sixth day of December, 1875, when a receiver was appointed. The continuance of its business and the incurring of new obligations by the bank, incident to such continuance was a good consideration. The bank if solvent was not bound to continue its business and enter into new obligations. If, on the other hand, the bank was insolvent, it was not bound to discontinue its business so long as there was a fair expectation that its losses might be retrieved under a better management and under more hopeful and prosperous conditions. It may have been unwise for the bank to have continued the struggle after the losses it had incurred but having undertaken to continue its business at the request of the obligors, there was ample consideration for their promise. Nor do we perceive that the transaction was in violation of public policy. The intention of the parties was to provide a security in the nature of a guarantee fund of $100,000, to enable the bank to continue its business. It is not claimed that the transaction was *ultra vires*, and if it was, that objection cannot prevail as against the claims of depositors who are represented by the receiver and who is seeking to collect the bond as an asset of the bank, for distribution among those for whose protection it was given. (*Hope Ins. Co.* v. *Perkins*,

38 N. Y., 404; *Whitney Arms Co.* v. *Barlow*, 63 id., 62; *Railway Co.* v. *McCarthy*, 96 U. S., 258.)

The defense that there was a fraudulent concealment .by the persons who solicted the defendant to sign the bond, of the true condition of the bank, was, under the circumstances of this case, no answer to the action. It appears from the defendant's answer that he was informed, when he executed the bond, that it was to be used in reference to the relations of the bank to the banking department "so that a better showing of the apparent assets of the bank would appear." The defendant was thus apprised that this bond was to be used to give credit to the bank, with the bank department and with the public, so that it should be enabled to continue its business. The fact communicated to him was notice that the bank was in a precarious condition. He knew that if the bond was treated as an asset and the bank thereby allowed to continue its business, new obligations to depositors would be entered into on the faith of the solvency of the institution. Under such circumstances it would be gross injustice to permit the defendant, after having aided the bank to procure credit with the community, to avoid, as against depositors and creditors, the payment of his bond on the allegation that the exact condition of the bank was not disclosed to him, or that it was much worse than was represented. The dealings between him and the officials of the bank, at whose request he signed the bond, ought not, in justice, to be allowed to affect the security given by him for the protection of those dealing with the bank and who must be presumed to have relied thereon in their dealings. It was the duty of the defendant to have inquired and ascertained the condition of the bank before signing the bond, and having allowed the bond to be treated as an asset for three years and the public to deal with the bank on this assumption until the bank has become insolvent, he is estopped from setting up the defense in question. (*Farrar* v. *Walker, assignee,* (MILLER, J.) 3 Dillon, 510; *Casoni* v. *Jerome,* 58 N. Y., 315; *McWilliams* v. *Mason,* 31 id., 294.)

The offer to show that the bond was delivered upon the consideration that certain other persons should execute it, and that this condition was not performed was properly overruled, if for no other reason on the ground that this defense was not alleged. The answer alleged that the defendant was induced to sign the bond upon the representations that certain other persons named would also execute the same and that it was not intended that it was to become obligatory as against this defendant unless said persons executed it, and that it was not so executed by them. These allegations are quite insufficient to show that the bond was delivered in escrow or upon the condition that it should be executed by other parties. It does not appear who made the representations or that they were made by the bank or by any one acting for it, and what is still more important, it does not allege that any condition was annexed to the execution and delivery of the bond by the defendant. (*Dillon* v. *Anderson*, 43 N. Y., 231; *Russell* v. *Freer*, 56 id., 67.) If the evidence is examined, it is quite clear that no such condition was annexed to the delivery of the bond. The representations upon which the defendant relies, were made several days before he signed the bond. The bond was taken to him by a notary for execution and was signed by him and returned to the notary. It is not claimed that on this occasion anything was said upon the subject of its execution by other parties. The bond, so far as appears, was complete and perfect. The whole sum of $100,000, proposed to be guaranteed by it was covered by the several sums assumed by the obligors who executed it. The inference is very strong that if it was originally contemplated that persons not named in the bond should execute it, that purpose was abandoned and that other parties executed it in their place.

Upon the whole case we are of opinion that the judgment is right and should be affirmed.

All concur.

Judgment affirmed.