THE BAY PARKWAY NATIONAL BANK OF BROOKLYN IN NEW YORK, Appellant, v. ISHAIA SHALOM, Respondent.

(Argued January 20, 1936; decided March 3, 1936.)

*Walter Jeffreys Carlin* for appellant. There was consideration for the note which constitutes an independent contract. (*County Trust Co.* v. *Mara*, 242 App. Div. 206; 266 N. Y. 540; *Kelso & Co.* v. *Ellis*, 224 N. Y. 528; *Van Norden Trust Co.* v. *Rosenberg*, 62 Misc. Rep. 285; *Union Trust Co.* v. *Lauman*, 139 Misc. Rep. 308; *Conran Co.* v. *Brevort Developing Corp.*, 137 Misc. Rep. 265; *First Nat. Bank* v. *Dowling*, 133 App. Div. 793; *Edenberg Trust Co.* v. *Pike*, 146 Atl. Rep. 123; *Muschelmez* v. *Tidwich*, 167 N. W. Rep. 498; *National Bank* v. *Carper*, 67 N. W. Rep. 188; *Elisberg* v. *Simpson*, 173 N. Y. Supp. 128.) As a matter of public policy the testimony as to the criminal conspiracy should have been excluded. (*Reiner* v. *North American Newspaper Alliance*, 259 N. Y. 250; *Geneva Nat. Bank* v. *O'Brien*, 121 Misc. Rep. 282; 209 App. Div. 846; *First Nat. Bank* v. *Tisdale*, 84 N. Y. 655; *Bank of Le Roy* v. *Purdy*, 100 App. Div. 64; *National City Bank* v. *Holyworth*, 231 App. Div. 688; *Merchants Nat. Bank* v. *Prescott & Son, Inc.*, 139 Misc. Rep. 603; 235 App. Div. 878; 253 N. Y. 517.) There was consideration for the note and the defendant is estopped from pleading want of consideration. (*County Trust Co.* v. *Mara*, 242 App. Div. 206; 266 N. Y. 540; *Union Bank* v. *Sullivan*, 214 N. Y. 332; *Dykman* v. *Keeney*, 10 App. Div. 610; 16 App. Div. 131; 160 N. Y. 677; *Queensboro Nat. Bank* v. *Kelly*, 220 App. Div. 515; *Leary* v. *Capitol Trust Co.*, 238 App. Div. 661; *Grannis* v. *Stevens*, 216 N. Y. 583; *American Brass & Copper Co.* v. *Pine*, 185 App. Div. 473; 229 N. Y. 552; *Rector* v. *Teed*, 120 N. Y. 583; *Hurd* v. *Kelly*, 78 N. Y. 588; *Federal Reserve Bank* v. *Crothers*, 289 Fed. Rep. 777; *Sickles* v. *Herold*, 11 Misc. Rep. 583; *Longley* v. *Coons*, 244 App. Div. 391; 268 N. Y. 712.)

*George A. Ferris* and *Bartholomew A. Moynahan* for respondent. Defendant was not estopped from pleading

and proving want of consideration or conditional delivery. (*McMullen* v. *Hoffman*, 174 U. S. 639; *National Bank & Loan Co.* v. *Petrie*, 189 U. S. 423; *Rankin* v. *City Nat. Bank*, 208 U. S. 541; *Hanover Nat. Bank* v. *First Nat. Bank*, 109 Fed. Rep. 421; *Peterson* v. *Tillinghast*, 192 Fed. Rep. 287; *Wagner* v. *Central Banking & Security Co.*, 249 Fed. Rep. 145; *Devlin* v. *Brady*, 36 N. Y. 531.) The issues of the trial were properly submitted to the jury and the trial court correctly admitted testimony on the defenses pleaded. (*Seymour* v. *Cowing*, 4 Abb. Ct. App. Dec. 200; *Benton* v. *Martin*, 52 N. Y. 570; *Williams* v. *First Nat. Bank*, 45 App. Div. 239; 167 N. Y. 594; *Garfield Nat. Bank* v. *Colwell*, 57 Hun, 169; *Higgins* v. *Ridgway*, 153 N. Y. 130; *Bernstein* v. *Kritzer*, 253 N. Y. 410; *Whitestown Nat. Bank* v. *Lewis*, 205 App. Div. 553; *Chelsea Exchange Bank* v. *LaHiff*, 219 App. Div. 434; *Thomas* v. *Scutt*, 127 N. Y. 133; *Smith* v. *Dotterweich*, 200 N. Y. 299.)

O'BRIEN, J.   The action is on a promissory note dated June 24, 1931, for $5,750, of which defendant is the maker.   The defenses are lack of consideration, accommodation for the benefit of plaintiff and an agreement that the note was not to be paid by defendant.   This note is a renewal of one for $9,000, dated July 22, 1930.

Prior to the making of the original note dated July 22, 1930, Munsalli & Farbman, a partnership engaged in the sale of lingerie and also the French Lingerie Shop, Inc., a corporation which had taken over the stock of Munsalli & Farbman, were indebted to plaintiff bank. Defendant was a creditor of Munsalli & Farbman and became treasurer of French Lingerie Shop, Inc.   He denies that he made any investment in that corporation prior to December, 1930, but admits that the signature, " I. Shalom," as treasurer, on a document certified by Louis Munsalli as president and by Samuel Farbman as secretary concerning the adoption of resolutions by the board of directors of French Lingerie Shop, Inc., on July 9, 1930, is his signature.

Defendant gave his version in respect to the circumstances under which he signed the original note for $9,000, dated July 22, 1930, as well as the later notes, including the one in suit. In view of the verdict we must conclude that the jury credited this testimony. Nasser, a director of plaintiff bank, said to defendant: " Please, Mr. Shalom, I want you to sign notes for $9,000 for Munsalli & Farbman. * * * If you don't sign the note for Munsalli & Farbman, any day there will be a run on the bank," and that all defendant's friends would lose their deposits. Nasser added: " The bank examiner want to see the book. He can't show up the bank any loss because he was lost some money before, about $20,000; in a small bank if he see that $10,000 loss, the bank will be closed." Later a conversation occurred among defendant, the director Nasser and the cashier of plaintiff during which, according to defendant's version, one or both of the bank's representatives said to defendant: " Don't be worried, we will never sue you for it, we will never ask you for it, because that note belongs to Munsalli & Farbman. We don't want to show on our book loss of $10,000 because we lost before about $20,000." In the course of that conversation Munsalli and Farbman arrived and were present with the cashier and the director of the bank when, according to defendant's version, the president of the bank added his entreaty: " Please, Mr. Shalom, help us out. Sign that note. That note belongs to Munsalli & Farbman; never ask you for it." With this understanding he signed the note. In the following September the amount due on the note had been reduced to $6,250, and defendant, under similar circumstances and entreaties, as he testified, signed a renewal for that amount. The note in suit is a renewal for $5,750. Defendant had an account with the bank and says that he signed the note for the purpose of saving the bank. Defendant's version is denied by plaintiff's witnesses. Their version is that the bank held a claim for $7,000 against Munsalli & Farbman and $2,000 in notes of the French Lingerie Shop, Inc., and that defendant had agreed to make good this indebtedness of $9,000.

We need not go so far as actually to hold that there was consideration within the rule of *Union Bank* v. *Sullivan* (214 N. Y. 332). We do hold that defendant is estopped from raising that issue. He testified that the bank officials told him that they wanted the note so that any bank examiner would believe that the bank stood in no danger of taking a loss on the claim against Munsalli & Farbman and that they wanted the note to keep in the files only for exhibition to the bank examiner in the event that the Munsalli & Farbman account should be examined. The question submitted in the charge to the jury was whether an agreement had been made between defendant and the bank officials that he was not to be liable but that he gave the note for the purpose of deceiving the bank examiner.

There are decisions by this court that under certain circumstances an agreement to exempt the maker or indorser of a note from liability is enforceable (*Higgins* v. *Ridgway*, 153 N. Y. 130; *Bernstein* v. *Kritzer*, 253 N. Y. 410), but the circumstances are different from the facts in this case. The general rule also is that courts do not aid either party to an illegal contract. This rule, however, has its exceptions. When courts allow a defense it is not as a protection to a defendant but as a disability to a plaintiff. (*Reiner* v. *North American Newspaper Alliance*, 259 N. Y. 250, 256.) When one knows that his note is to be treated as an asset of a bank, and, as a result, bank examiners are deceived and depositors continue their relations with the bank on the faith of an assumed solvency, then he is estopped from pleading the defense of no consideration. (*Hurd* v. *Kelly*, 78 N. Y. 588; *Best* v. *Thiel*, 79 N. Y. 15; *County Trust Co.* v. *Mara*, 242 App. Div. 206; affd., 266 N. Y. 540.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.