FREDERICK J. BAUMANN, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON, JOSEPH A. BRODERICK, Superintendent of Banks of the State of New York, and AUGUST IHLEFELD, JR., Deputy Superintendent of Banks of the State of New York, in Charge of the Liquidation of CITIZENS TRUST COMPANY OF BINGHAMTON, Respondents. (Action No. 1.)

ALBERT C. CROSSLEY, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 2.)

NORMAN G. KEISER, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 3.)

WILLIAM C. KING, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 4.)

BENJAMIN G. KROEHLER, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 5.)

JESSE E. TRUITT, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 6.)

ARCHIBALD WHITELAW, Appellant, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 7.)

FRANK J. MANGAN and Others, a Copartnership Doing Business under the Firm Name of MANGAN & MANGAN, Appellants, *v.* CITIZENS TRUST COMPANY OF BINGHAMTON and Others, Respondents. (Action No. 8.)

Third Department, January 14, 1937.

*Hinman, Howard & Kattell* [*Morris Gitlitz* of counsel], for the appellants Baumann, Crossley, Keiser, Kroehler, Truitt and Whitelaw.

*Lusk, Buck, Ames & Folmer* [*Clayton R. Lusk* of counsel], for the appellant King.

*Mangan & Mangan* [*Thomas J. Mangan* of counsel], for the appellants Mangan.

*Lee, Levene & McAvoy* [*David Levene* of counsel], for the respondents.

RHODES, J. The original opinion and decision of this court are reported in 248 Appellate Division, 9. Thereafter the appellants moved for a reargument which was granted by decision which is reported in 248 Appellate Division, 840. In the interest of brevity the issues are not here discussed at length, but reference is made to the above citations.

Upon reargument counsel for appellants asserted with much earnestness that the original decision of this court was based wholly and solely upon waiver, estoppel, acquiescence and ratification. An examination of that decision and that of the court below will disclose that they rest upon a far broader base, for this court accepted all of the findings of fact contained in the decision below.

Relative to the principles of waiver, estoppel, acquiescence and ratification the appellants urge that they have no application to the facts here. Nevertheless, after further consideration we believe our original decision should stand, and in that connection attention is called to the case of *Mount Vernon Trust Co.* v. *Bergoff* (272 N. Y. 192), recently decided by the Court of Appeals.

The parties have agreed, however, that in case our original decision is to stand, it be modified by adding thereto a paragraph, the language of which has been submitted and approved by the respective parties as follows: " This decision is not intended to be *res judicata* so as to prevent the setting up of these funds in question as offsets in any action or actions to recover for stock assessments against these plaintiffs or any of them, or to pass upon the question in any way."

Our decision will, therefore, be modified accordingly by inserting the said clause. As indicated, the court does not now decide as to the validity of any such offset, claim or defense.

The judgment should be modified as indicated and as modified affirmed, with one bill of costs to the defendants.

HILL, P. J., and MCNAMEE, J., concur; CRAPSER and HEFFERNAN, JJ., dissent, and vote to reverse the judgments and to grant judgments for the plaintiffs as prayed for in their complaints.

Judgments modified by adding thereto the following paragraph: " This decision is not intended to be *res judicata* so as to prevent the setting up of these funds in question as offsets in any action or actions to recover for stock assessments against these plaintiffs or any of them, or to pass upon the question in any way;" and as so modified judgments affirmed, with one bill of costs to the defendants.