WILLIAM D. STEWART, LULU T. STEWART, WILLIAM E. DYROFF, FRANCES M. DYROFF, FREDERICK R. FITCHETT, SUSIE E. FITCHETT, HENRY G. PARRY, JULIA W. PARRY, PETER D. BEKEROS, HENRY G. McGARRY, MARY E. McGARRY, HOMER F. WETZ, Respondents, v. FIRST NATIONAL BANK AND TRUST COMPANY OF HIGHLAND FALLS, FIRST NATIONAL BANK IN HIGHLAND FALLS, L. D. WORSHAM, THEODORE MICHEL, GEORGE NICHOLS, as Trustees under a Certain Trust Agreement, and GEORGE S. NICHOLS, as Conservator of Said FIRST NATIONAL BANK

IN HIGHLAND FALLS, Appellants, and Others, Defendants; GEORGE W. BLANCHARD and JACOB L. HICKS, Defendants, Respondents.— Action by a group of directors, and other individuals acting with them, to set aside a certain guaranty agreement given in connection with a liquidating note, dated August 1, 1931, and to obtain the retransfer of certain property transferred to a trustee as collateral for the carrying out of said guaranty; also to set aside a secondary guaranty executed by defendant Blanchard and to obtain a retransfer of property transferred thereunder. Judgment for the directors and other individuals acting with them, canceling the guaranty agreements and requiring the retransfer of the properties pledged, on the ground that they were obtained by duress practiced upon the directors of the bank, reversed on the law and the facts, with costs, and judgment directed in favor of the appealing defendants, with costs. (1) The finding that these instruments were the product of duress is against the weight of the credible evidence. The credible evidence shows that the guaranty agreements were made freely and with full understanding by the several guarantors, without any acts or threats on the part of Bank Examiner Stewart which would constitute duress. (2) Even if this were not so and the instruments attacked were the product of duress, the directors may not be heard at this time so to assert. The liquidation note and the guaranties thereof and the pledges of property pursuant to the guaranty agreements were all valid on their face. If they were the subject of infirmity based on duress, the opportunity so to assert existed before they became part of the assets of the First National Bank and Trust Company of Highland Falls, on August 1, 1933. The directors had ample time between the date or dates when the alleged duress was said to have been practiced upon them, and the dates upon which they executed the guaranty agreements and effected the transfer of property to the trustee designated, to repudiate the agreements before they were taken over as an asset of the new First National Bank and Trust Company of Highland Falls, in connection with the organization of that bank and its taking over and superseding the previous First National Bank and Trust Company of Highland Falls. Deposits in the new bank ensued in reliance upon its assets, including these guaranties and pledged property. No assertion of infirmity in the several instruments having been urged before these agreements and pledges became part of the assets of the new bank, their theretofore voidable character vanished and they became valid instruments in the successor bank's hands and in the hands of all successor assignees of the guaranty agreements and pledged collateral. (*Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192, 196; *Bay Parkway Nat. Bank* v. *Shalom*, 270 id 172.) The instruments thus acquiring an unimpeachable character continued in that state during the successive assignments until they reached the hands of the trustees for the waiving depositors on the later reorganization and opening of the First National Bank and Trust Company of Highland Falls, in 1933, following the banking moratorium. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings and conclusions will be made in accordance herewith. Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ., concur. Settle order on notice.