■ Rose Katz, Appellant, v. Robert H. Katz et al., as Executors of Ira G. Katz, Deceased, Respondents.— Order entered October 6, 1965 denying plaintiff's motion for summary judgment on condition that alimony payments are made promptly in accordance with the Florida divorce decree, unanimously modified, on the law, to grant summary judgment for plaintiff in the sum of $1,730, with interest, representing five installments of $346 each, payable under the divorce decree for the month of January, 1963, and as modified is affirmed, with $50 costs and disbursements to the appellant. The parties were divorced under a Florida divorce decree which became effective January 31, 1963. Prior to the divorce the plaintiff had been receiving $346.15 per week alimony under a New York separation decree dated April 30, 1956. Plaintiff's husband made the payments under the New York decree to the end of January, 1963, at which time the Florida divorce decree became effective. Under the Florida divorce decree the plaintiff was granted a lump sum award of $166,500 payable in installments of $346 per week, commencing retroactively on January 1, 1963. The payments for the month of January having been made under the New York decree, the deceased husband's estate takes the position that the retroactive payments commencing January 1, 1963 need not be made as it would constitute double alimony payment for that period. That position could be well taken if the Florida award was in the nature of weekly alimony payments. However, there was a lump sum award for $166,500, and the Florida decree merely indicated when and how the sum was to be paid. The Florida decree could not, and did not relieve the husband from making payments under the New York decree prior to the time of the termination of the marital relationship. The lump sum award granted in the Florida divorce decree became a vested right from the date of the rendition of the judgment, regardless of the manner of payment. (24 Am. Jur. 2d, Divorce and Separation, § 614.) There is some controversy as to whether six or five payments are due. We find, from an examination of the record, that no triable issues are presented in that respect and that only five payments are due. Accordingly, summary judgment is granted for the five payments due in January, 1963. Settle order or notice. Concur — Botein, P. J., Breitel, Rabin and Eager, JJ.

■ Royal National Bank of New York, Appellant, v. Central Park Towers Construction Corp., Respondent.— Order entered September 9, 1965, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with $50 costs and disbursements to plaintiff-appellant, and the motion granted. Defendant is estopped from asserting the contemporaneous oral agreement not to enforce the note to plaintiff bank according to its terms. (*Mount Vernon Trust Co.* v. *Bergoff*, 272 N. Y. 192, 196.) Concur — Breitel, J. P., Rabin, McNally and Capozzoli, JJ.