■ EDWIN FLECK et al., Respondents, v BANK OF SUFFOLK COUNTY, Appellant. (Action No. 1.) BANK OF SUFFOLK COUNTY, Appellant, v EDWIN FLECK et al., Respondents. (Action No. 2.)—In consolidated actions involving the enforcement of an unpaid promissory note, the Bank of Suffolk County appeals from an order of the Supreme Court, Kings County, entered February 16, 1978, which, *inter alia,* denied it summary judgment. Order re-

versed, on the law, with $50 costs and disbursements, and summary judgment is granted to the Bank of Suffolk County. Appellant made a loan to respondents in the sum of $400,000. The note evidencing this loan contained a clause whereby those receiving the loan waived all defenses. Respondents now claim that the note was not to become effective unless they first received a mortgage from another bank. In fact, the note was intended to conceal appellant's participation in a building loan. "Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced" *(Mount Vernon Trust Co. v Bergoff,* 272 NY 192, 196). The case of *Long Is. Trust Co. v International Inst. for Packaging Educ.* (38 NY2d 493), cited by Special Term, is inapplicable to the facts of this case, in that *Long Is. Trust* in no way involved an attempt to conceal the financial situation of the parties. Furthermore, the absolute waiver of defenses set forth in the note is substantially similar to an unconditional guarantee to repay a note, and parol evidence is therefore inadmissible to establish conditional delivery because such evidence would contradict the express terms of the written agreement (see *Meadow Brook Nat. Bank v Bzura,* 20 AD2d 287). O'Connor, J. P., Cohalan and Margett, JJ., concur.

Gulotta, J., concurs in the result, with the following memorandum: Assuming, *arguendo,* the truth of the allegations made by respondent Edwin Fleck in opposition to the appellant bank's motion for accelerated judgment, it would appear that the parol evidence to be offered at trial could serve to support Fleck's claim that the $400,000 demand note which was executed in favor of the bank was never intended to be enforceable per se, but was intended rather to conceal the further participation of the bank in a building loan mortgage covering the financially troubled Parr Meadows Racetrack. Thus, according to Mr. Fleck, he agreed with an official of the Bank of Suffolk County that Fleck's corporation (Mortgagee Affiliates Corp. [hereinafter MAC]) would act as the bank's nominee to subscribe to the building loan mortgage to the extent of an additional $400,000, which sum was to be furnished to MAC by the appellant bank. In return, a demand note for $400,000 was executed and delivered to the bank subject to a condition precedent, i.e., that the note would only become enforceable in the event that the anticipated permanent mortgage lender, the Lincoln Savings Bank, "acquired the building loan mortgage and paid the consideration therefor". As compensation, the bank officer agreed that MAC would retain any interest on the building loan mortgage in excess of 10% earned during the life of said mortgage, i.e., the period prior to its termination upon the acquisition of permanent financing. The net effect of this alleged agreement is that MAC and the Flecks were to function as mere conduits through which the bank's participation would be concealed (a condition which Edwin Fleck averred was imperative to the bank due to its limited equity condition), and that the note itself would be wholly fictitious, as it was never intended to become enforceable unless (and until) MAC received the $400,000 upon the acquisition of the building loan mortgage by Lincoln as part of the permanent financing. In other words, if Fleck is to be believed, the $400,000 demand note would only become payable when MAC received its $400,000 as part of the "buy-out" of the building loan mortgage upon the closing of the permanent mortgage. Thus, the note, while an apparent asset of the bank, was in reality merely the vehicle by which the bank's ownership of a beneficial interest in the building loan mortgage would be concealed. The condition precedent, if it be such, was concededly never satisfied.

Assuming these to be the facts, and despite the unclean hands of both parties which the foregoing would seem to indicate, the strong public policy against the deception of the public and the regulatory (banking) authorities requires that the respondents be estopped from asserting the invalidity of the note here as against the bank (see *Mount Vernon Trust Co. v Bergoff,* 272 NY 192; cf. *Long Is. Trust Co. v International Inst. for Packaging Educ.,* 38 NY2d 493). Thus, as the Court of Appeals stated in the *Mount Vernon* case *(supra,* p 196) "A fictitious note delivered to a bank, intended to become part of its apparent assets, though not intended to be enforceable, is in itself a continuing falsehood calculated to deceive the public, and any person delivering such a note becomes a party to the falsehood. In such case it is immaterial whether the note was based on good consideration or not. The stability of banks is a matter of such public concern that the State or Federal government regulates the affairs of each bank and periodically examines its apparent condition. The State cannot sanction any device intended to give a false appearance to a transaction or increase the apparent stability of a bank. The defendant may not have intended to deceive any person, but when she executed and delivered to the plaintiff bank an instrument in the form of a note, she was chargeable with knowledge that, for the accommodation of the bank, she was aiding the bank to conceal the actual transaction. Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced." The existence of this estoppel precludes the respondents' offer of proof, which, in turn, requires that summary judgment be granted in favor of the appellant bank. The result is harsh in my opinion, but I am contrained to concur therein by the holding of the Court of Appeals in *Mount Vernon Trust Co. v Bergoff (supra).*