**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Douglas Amos BERTLING, Defendant.**

**Civ. A. No. B–89–376–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 27, 1990.

T. Alan Hart, Jasper, Tex., and Kip Kevin Lamb, Benckenstein, Oxford & Johnson, Beaumont, Tex., for plaintiff.

Gary H. Gatlin, Seale, Stover, Coffield & Gatlin, Jasper, Tex., and Robert E. DeLong, Jr., Morgan & DeLong, Huntsville, Tex., for defendant.

MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COBB, District Judge.

### I. Factual Background

Plaintiff, the Federal Deposit Insurance Corporation (FDIC), as conservator of Deep East Texas Savings Association (Deep East), has moved for summary judgment of dismissal of Defendant Douglas Amos Bertling's (Bertling) defenses and counterclaims. For the reasons as set forth below, Plaintiff's motion is granted.

This lawsuit seeks to recover a deficiency judgment on a promissory note. The following facts are undisputed. On May 1, 1986, Bertling borrowed two hundred seventy-five thousand dollars ($275,000.00) from Deep East. He signed a note for that sum which was payable on or before May 1, 2006, with interest at the rate of eleven and one-half percent (11.50%) per annum.

Bertling also executed and delivered a Deed of Trust securing the real and personal property described in said Deed of Trust.

Bertling defaulted under the terms of the Note and Deed of Trust. On November 18, 1987, Deep East gave Bertling notice of his default and notice that, if Bertling had not cured the default by a specific date, Deep East would accelerate the entire indebtedness. Bertling failed and refused to cure the default and on December 21, 1987, Deep East gave notice of acceleration and notice of foreclosure on the collateral. On January 22, 1988, the Trustee posted notices of sale and forwarded a true copy by certified mail to Bertling.

On March 1, 1988, the date stated in the notice, the collateral was sold at public auction. The sale price received from the highest bidder (Deep East) was two hundred twenty-seven thousand dollars ($227,000.00), and a Trustee's Deed was executed and delivered by the Trustee to Deep East.

Deep East credited Bertling's unpaid principal and accrued interest with the proceeds of the Trustee's Sale, leaving a deficiency balance due on March 1, 1988 of sixty-four thousand dollars and eighty-nine

cents ($64,000.89). By the terms of the Promissory Note executed by Bertling, he agreed to pay reasonable attorneys' fees and expenses in the event Deep East should require the services of an attorney in collecting the debt.

On March 16, 1989 Deep East was placed in conservatorship. The FDIC was appointed manager for the conservator. The Resolution Trust Corporation (RTC) is now managing the conservatorship. The RTC now sues for the deficiency amount, attorneys' fees and expenses just stated.

## II. Bertling's Contentions

Bertling contends in his counterclaim and answers to interrogatories that he was induced to assume the debt at issue herein by Art Walker, an officer or director of both Deep East and another institution, The First National Bank of Trinity. Bertling alleges Walker made material oral misrepresentations to him concerning the commercial viability of a restaurant in Riverside, Texas named "Martha's Country Kitchen." Bertling further avers that, contrary to the predictions of Walker, he was unable to profitably operate "Martha's Country Kitchen" and consequently incurred substantial losses therefrom.

Bertling claims that Walker acted as an agent of Deep East and that Walker's and Deep East's conduct was fraudulent, breached a duty of good faith and fair dealing, and violated the Texas Deceptive Trade Practices–Consumer Protection Act, Tex.Bus. & Com.Code Ann. § 17.41, et seq.

## III. The FDIC's Contentions

The FDIC contends Bertling's defenses and counterclaims are barred by the D'Oench, Duhme doctrine, D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942). The FDIC argues that because the alleged misrepresentations were oral and not evidenced in any manner within Deep East's records, the claimed misrepresentations would tend to deceive bank examiners and reduce the value of assets held by the FDIC. The FDIC further argues that while Bertling denominates Walker's alleged misrepresentations as "fraud in fact", the averments in Bertling's pleadings and his written responses to interrogatories indicate the alleged fraud actually constitutes "fraud in the inducement." The FDIC asserts that fraud in the inducement does not void the underlying loan agreement as would fraud in the factum.

## IV. The Law

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); St. Amant v. Benoit, 806 F.2d 1294 (5th Cir.1987); Anderson v. Liberty Lobby, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The burden of proof in a motion for summary judgment rests on the movant. Bell v. Cameron Meadows Land Co., 669 F.2d 1278 (9th Cir.1982). When disposing of a motion for summary judgment, the facts before the court must be viewed in a light most favorable to the non-moving party. Bishop v. Wood, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Also, all justifiable inferences are to be drawn in favor of the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The court finds that after reviewing all the documents and exhibits on file in this matter, there is no genuine issue as to any material fact. This dispute is ripe for partial summary judgment.

First, Bertling's allegations of fraud by an agent of Deep East, however compelling they may be, are simply not recognized under the statutory and decisional law which binds this court. The facts of this case plainly come within the purview of the D'Oench, Duhme doctrine, D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp., 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed.

956 (1942). Therein Justice Douglas, writing for the majority, stated:

> 'Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced.'

315 U.S. at 459, 62 S.Ct. at 680 (citing *Mount Vernon Trust Co. v. Bergoff,* 272 N.Y. 192, 5 N.E.2d 196 (1936)). The misrepresentation defense Bertling is waging is one and the same as the "secret agreement" defense that is doomed by *D'Oench, Duhme. See* 315 U.S. at 461, 62 S.Ct. at 681; *Campbell Leasing, Inc. v. Federal Deposit Ins. Corp.,* 901 F.2d 1244, 1248 (5th Cir.1990).[1]

Bertling next argues that since he has not intentionally misled banking authorities, his defense of misrepresentation by Deep East's agent should not be barred. In *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 784 (5th Cir.1989), the Fifth Circuit held that "while the borrower in the *D'Oench, Duhme* decision knowingly participated in a fraudulent scheme, the [D'Oench, Duhme] doctrine now applies even when the borrower does not intend to deceive banking authorities." Consequently, Bertling's state of mind when he entered into the loan agreement is immaterial. *See also Bell & Murphy & Assoc. v. InterFirst Bank Gateway,* 894 F.2d 750, 753–754 (5th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990) ("good faith" of borrower is irrelevant for D'Oench, Duhme analysis).

Bertling also takes the position that his defense of misrepresentation is not barred because the agreement was not "entirely oral" since the note and the deed of trust were written components of the total agreement. This argument is not logical nor valid. *D'Oench, Duhme,* 315 U.S. at

459, 62 S.Ct. at 680; *Beighley,* 868 F.2d at 784.

Finally, Bertling argues that the alleged misrepresentations at issue here constitute "fraud in fact" and therefore are not barred by the D'Oench, Duhme doctrine. Fraud in the factum is "the sort of fraud that procures a party's signature to an instrument without knowledge of its true character or contents"; this sort of fraud "would render the instrument entirely void." *Langley v. Federal Deposit Ins. Corp.,* 484 U.S. 86, 93, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987). In contrast, fraud in the inducement is "[f]raud connected with [the] underlying transaction and not with the nature of the contract or document signed." Black's Law Dictionary at p. 337 (Abridged 5th Ed.1983). This sort of fraud renders a note voidable but not void. *Langley,* 484 U.S. at 94, 108 S.Ct. at 402. It is clear from a review of the record before the court that Bertling complains of fraud in the inducement, not fraud in factum. Bertling speaks of the numerous misrepresentations made by Mr. Art Walker, the agent of Deep East concerning the financial health of "Martha's Country Kitchen." Bertling does not allege Walker duped him into signing the promissory note under the guise it was anything else. Fraud in the inducement will not void the promissory note Bertling signed nor will it allow him to circumvent the D'Oench, Duhme doctrine. *Langley,* 484 U.S. at 94–95, 108 S.Ct. at 402–03.

### V. The Conclusion

The court finds that the Plaintiff FDIC is entitled to judgment as a matter of law on the defenses and counterclaims raised by Defendant Bertling of misrepresentation, fraud, breach of good faith and fair dealing, and unconscionability in violation of

---

**1.** The statutory analogue to the D'Oench, Duhme doctrine, 12 U.S.C. § 1823(e), is not implicated here because the FDIC is not acting in its corporate capacity. *Bell & Murphy & Assoc. v. InterFirst Bank Gateway,* 894 F.2d 750 at 753 (5th Cir.1990); *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d at 783; *Federal Deposit Ins. Corp. v. McClanahan,* 795 F.2d 512, 516 (5th Cir.1986).

Here, where the FDIC acts as conservator, the D'Oench, Duhme doctrine applies the same as were the FDIC acting as receiver. *Resolution Trust Corp. v. Clark,* 741 F.Supp. 896, 898 (S.D. Fla.1990); *Federal Savings and Loan Ins. Corp. v. Davis,* 1988 WL 156178, 1988 U.S.Dist.LEXIS 16169 at **17–18 (N.D.Tex.1988), *aff'd,* 874 F.2d 306 (5th Cir.1989).

the Texas Deceptive Trade Practices–Consumer Protection Act.

SO ORDERED.