■ INTERBANK OF NEW YORK, Respondent, v ANDREAS MARKOU et al., Appellants. [649 NYS2d 462] —In an action to enforce the payment of a mortgage note, the defendants appeal from a judgment of the Supreme Court, Nassau County (Mc-

Caffrey, J.), entered October 12, 1995, which is in favor of the plaintiff and against them in the principal sum of $48,180. The defendants' notice of appeal from the order entered October 6, 1995, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

On February 12, 1992, the defendants executed and delivered a mortgage on certain premises to the plaintiff as security for the payment of a loan in the sum of $44,000. The defendants now contend that it was the understanding amongst the parties that the mortgage note evidencing this loan was a "sham" because the money received by the defendant Andreas Markou from the plaintiff was in fact a bonus due and owing to him at the time for his services as vice president and director of the plaintiff's mortgage banking department and the mortgage note was intended to conceal this bonus for bookkeeping purposes. "Public policy requires that a person who, for the accommodation of the bank executes an instrument which is in form a binding obligation, should be estopped from thereafter asserting that simultaneously the parties agreed that the instrument should not be enforced" (Mount Vernon Trust Co. v Bergoff, 272 NY 192, 196; see, W. L. Christopher, Inc. v Seamen's Bank for Sav., 144 AD2d 809; Fleck v Bank of Suffolk County, 67 AD2d 676). Thus the defendants are estopped from asserting fraud as a defense to enforcement of the note. Bracken, J. P., Copertino, Joy, Florio and McGinity, JJ., concur.