■ STATE BANK OF INDIA, Appellant, v KASO INTERNATIONAL, INC., et al., Respondents. [690 NYS2d 708] —In an action, *inter alia,* to foreclose a mortgage, the plaintiff appeals, as limited

by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated April 9, 1998, as, upon reargument, denied those branches of its motion which were for (1) summary judgment on the complaint against the defendants Kaso International, Inc., Chummu Dandona, and Kamal Mohan Dandona a/k/a Kamal Dandona and to dismiss the counterclaims of those defendants, (2) an order of reference, (3) leave to enter a default judgment against the defendants India World Wide, Inc., Sorach Trading Corporation, and Soka World Trading Corp., and (4) leave to amend the caption.

Ordered that the order is modified by deleting the provisions thereof denying those branches of the motion which were for (1) leave to amend the caption, and (2) summary judgment on the complaint against the defendants Kaso International, Inc, Chummu Dandona, and Kamal Mohan Dandona a/k/a Kamal Dandona, dismissing the counterclaims of those defendants, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the action is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In response to the plaintiff's evidence that the defendant Chummu Dandona executed a mortgage to secure an underlying obligation and that the obligor had defaulted on the obligation, Dandona and her husband, the defendant Kamal Mohan Dandona a/k/a Kamal Dandona, contended that the plaintiff's representative had advised them that the mortgage was never intended to be enforced and was merely executed as an "accommodation" to the plaintiff's "loan application procedure". However, a mortgagor is estopped from presenting this defense by the well-established public policy of this State (see, Mount Vernon Trust Co. v Bergoff, 272 NY 192; Interbank of N. Y. v Markou, 233 AD2d 296; President & Directors of Manhattan Co. v Cocheo, 256 App Div 560). Similarly, the Dandonas' evidence is not a defense to the personal guarantees executed by them to secure the same obligation. Moreover, their consent to the discharge of a certain UCC lien obviates their claim that the plaintiff negligently failed to refile the lien (see, Executive Bank v Tighe, 54 NY2d 330). Accordingly, the Supreme Court should have granted partial summary judgment on those branches of the complaint which were to foreclose the mortgage and to enforce the guarantees.

The Supreme Court also should have dismissed the Dandonas' counterclaims (see, CPLR 3212 [b]) and granted leave to amend the caption to omit the fictitious defendants (see, CPLR 3025 [b]).

The Supreme Court properly denied that branch of the motion which was for leave to enter a default judgment against the defendants India World Wide, Inc., Sorach Trading Corp., and Soka World Wide Trading Corp. (*see,* CPLR 3215 [c]; *Herzbrun v Levine,* 23 AD2d 744).

The plaintiff's remaining contention is without merit. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.